ELLISSEN *v.* HALLECK *et als., Executors.*

Mortgages and liens of record form no exception to the rule prescribed by § 136 of the Act to regulate the estates of deceased persons ; and the claims secured by them must have been presented to the executor or administrator, and rejected by him, before an action can be maintained on them.

Where a bill of foreclosure of a mortgage, made by the deceased, is filed against his executor, and no averment of presentation and rejection of the account is made in the bill, it is demurrable.

The general right to sue an administrator being taken away by the State, the declaration must bring the case within the exception, so as to give the Court jurisdiction.

A demurrer on the grounds " that the Court has no jurisdiction, either of the persons of the defendants, or of the subject of the action," and " that the complaint does not state facts sufficient to constitute a cause of action," is sufficiently explicit, under the rule of construction adopted by the Courts of this State.

APPEAL from the District Court of the Twelfth Judicial District.

The plaintiff filed his bill of foreclosure against H. W. Halleck, A. C. Peachy and P. W. Van Winkle, executors, etc., of J. L. Folsom, deceased, and others, to foreclose a mortgage made by J. L. Folsom. There is an allegation in the complaint, that in accordance with the terms of the note and mortgage sued on, plaintiff had, after the expiration of six months from the date of said note and mortgage, and after the death of Folsom, made written demand of his said executors for the payment of the whole amount due thereon within thirty days, which time had fully expired, and that the whole amount was still due and payable; but there is no allegation in the complaint that the claim had been presented to the defendants, executors of Folsom, and had been rejected by them.

The defendants demurred to the complaint, on the grounds, first, that this Court has no jurisdiction, either of the persons of the said defendants, or of the subject of the action; and, second, that the complaint does not state facts sufficient to constitute a cause of action.

The Court below sustained the demurrer, and entered judgment for defendants.   Plaintiff appealed.

*Hoge* and *Wilson* for Appellant.

.The respondents contend that this case falls within the provisions of the Act in relation to the settlement of the estate of deceased persons.

1. We do not think this objection can be raised by demurrer.   The complaint shows a perfect cause of action.   It is undoubtedly the duty of the administrator to pay the debts of the deceased.   The objection does not go to the cause of action.   It is at best but mere matter of avoidance—of temporary disability.   It is not necessary to aver presentation in order to make out his case.   In neither case can the objection be raised by demurrer.   The rules of pleading clearly sustain us in this objection ; without going into the authorities generally, we

cite the following decisions upon the precise point. Kittredge *v.* Folsom's estate, 8 N. H., 113, 114; Mathes *v.* Jackson, 6 N. H., 106; Clements *v.* Swain, 2 N. H., 476; Doe, *ex demise,* Duval's heirs *v.* McLosky, 1 Ala. R., 742.

II. The complaint shows on its face a direct demand in writing served upon the executors for the payment of this debt, which is a sufficient compliance with the statute. The whole object of the proceeding being to give the administrator notice of the condition of the estate, there is no necessity for an actual presentation, if the administrator has notice or knowledge of the existence of the debt. The law does not require any particular form of presentation. In this case, the claim being evidenced by a mortgage duly acknowledged and recorded, the law makes the record notice to all the world; being a *lien of record* it is always in a state of presentation. The authorities will be found full to the foregoing propositions. Miller, adm'r, *v.* Heler *et al.,* 2 S. & M., 627–8–9; Lugg *v.* Moore, 10 Texas, 199; Ellis, adm'r, *v.* Carlisle, 8 S. & M., 556; Garrett *v.* Garrett, 6 Texas, 445–6–7; Miller *v.* Trustees of Jeff. College, 5 S. & M., 659, *et seq.*

III. It is confidently contended that this case is not within the statute. A mortgage is not a *claim,* within the meaning of the law; nor is this an ordinary proceeding to recover a debt. It is a bill to foreclose an equity of redemption—a matter exclusively within the jurisdiction of a Court of Equity. Its object is peculiar. In the language of Chief Justice Kent, in the case of Kershon *v.* Thompson, 4 Johns. Ch. R., 616 : "A bill of foreclosure is for a specific performance of the mortgage contract, by passing the whole title of the mortgagor to the plaintiff, or the purchaser under the decree, and it is peculiarly a *suit in rem.* The whole object of the suit is the remedy by foreclosure or sale of the mortgaged premises, and it is therefore within the reason of the cases which speak of a suit concerning the title and possession of the land itself." Doe, *ex demise,* Duval's heirs *v.* McLosky, 1 Ala., 748; Grafton Bank *v.* Doe *et al.,* 19 Vert., 467; Richmond *v.* Aiken *et al.,* 35 ib., 326; Miller, adm'r., *v.* Helen *et al.,* 2 S. & M., 697–8–9; Johnson *v.* Planters' Bank, 4 S. & M., 173, *et seq.*; Marshall *v.* Hudson, 4 Yerger, 62–3; Miller *v.* Trustees Jeff. College, 5 S. & M., 659, *et seq.*; Bank Metropolis *v.* Gattschlick, 14 Peters, 32; Thayer *v.* Mann, 19 Peck, 557; Belknap's adm'r *v.* Glason, 11 Con., 162–3; Lingon *v.* Henderson, 1 Bland., 282.

A mortgagee has several distinct rights and distinct remedies, all or any of which he may pursue at the same time. The loss of one does not affect the other. He may abandon the personal obligation of the debtor without affecting his security upon the land. The debt itself may be barred, either by the general statutes of limitations or by nonpresentation under this law in relation to estates, which is but a special statute of limitations, and still the mortgagee has the right to pursue his remedy on the mortgage against the land by foreclosure and sale.

Again, in the case of Cole *v.* Robertson, 6 Texas, 367, the same doctrine is maintained, and the Court decide that a judgment, which is a

*lien,* need not be presented. If the lien be lost, it would then be like an ordinary debt, to be presented and paid in due course of administration.

The case of Garrett *v.* Gaines, 6 Texas, 442, still further narrows the application of the law, and holds that when the claim is for unliquidated damages, it is not within the meaning of the law and need not be presented. So in Stewart *v.* Carr, 6 Gill, 430, the Supreme Court of Maryland hold that when the authentication of a claim against an estate is impracticable, the law does not require it.

In the case of Robertson *v.* McDonald, 11 Texas, 390–1, the Court say, when a claim is not *exclusively a money demand,* it is not to be included in that class of claims which must be presented to and allowed by an administrator; and where a party seeks for a specific performance of a contract for title, his claim is not properly cognizable in the Probate Court. Danzey *v.* Swinney, 7 Texas, 626; Ballentine *et al. v.* Beale, adm'r, 3 Scammon, 207.

The Texas statute of 1848, under which some of the later decisions were made, expressly required the presentation of mortgages to the administrator, and in case of approval, authorized the Probate Court to foreclose, on petition, for the benefit of the mortgagee. Our Probate Court has no such authority, nor can the administrator sell the real estate at all, except under the provisions of the Act, and for the payment of the whole debts. The specific lien of the mortgagee can only be secured and enforced in a Court of Equity. By the express provisions of the law, the administrator can only sell the interests of which the deceased died seized, which would be but the equity of redemption. As between the mortgagor and mortgagee, the latter is the owner of the legal estate; a Court of Equity, therefore, can alone administer full relief.

IV. The policy of these provisions of the law is apparent. One main object was to avoid imposing the costs of unnecessary suits brought to establish claims, which the administrator, if the opportunity were offered him, would be willing to admit, and thereby placing the party in the precise position he would occupy when he obtained his judgment. In this case, the party seeks a relief which the administrator could not give him, and which a Court of Equity only can give. It is but a fair and reasonable construction of the law, to say that its only penalty is that the party should pay his own costs, occasioned by his resort to the Courts. Fisk *v.* Friend's Executor, 3 Robinson La. R., 264; Harrison *v.* Knight, 7 Texas R., 54; Hansell *v.* Grigg, ib., 229.

V. This is a case of strict original equity jurisdiction. An equity of redemption is the mere creature of equity. It is well settled, that a Court of Equity, as well as a Court of Common Law, never loses its jurisdiction by inference or by intendment; it requires express legislative prohibition to take it away. There is no prohibition to be found in the Act for the settlement of estates, interfering with the ordinary jurisdiction of a Court of Chancery. On the contrary, many of its provisions directly contemplate an application to the powers of that Court.

The most that can be said is, that the party has his option either to go into a Court of Chancery, and seek his relief through the undoubted powers of that Court, or to resort to the administrator for the satisfaction of his debt, in the due course of administration. Ryan *et al. v.* Lemon *et al.*, 2 Eng., 84; Flagg *v.* Ruder, 1 Bradford, 198; Fitzpatrick *v.* Brady, 6 Hill, 581; Butler *v.* Hempstead's Adm'r, 18 Wend., 667, 668, 669; Hilshman *v.* Dublehn, 4 Watts, 183.

If it was the intention of the Legislature, by the Act for the settlement of estates, to vest the exclusive jurisdiction in a case of this character in the Probate Court, then we say that it is not competent for the Legislature, by any enactment under the provisions of our Constitution, and the decisions of this Court, to add to, nor take away from the acknowledged jurisdiction of the District Courts. Wilson *et al. v.* Roach, 4 Cal., 366; Clark *v.* Perry, not yet reported.

*Halleck, Peachy & Billings* for Respondents.

In support of the first ground of error the appellant contends, that the non-presentation of the claim is a matter of avoidance, which should have been pleaded by the defendant. For, says the appellant, he is acting upon a general right, and if the law raise an exception to the general right, it need not be stated in the pleading.

The error in this argument consists in supposing that the plaintiff, when suing an executor, acts upon a general right; for the statute has taken away the general right to sue an executor, and allows them to be sued only in certain specified cases. "No holder of *any claim* against an estate shall maintain *any action* thereon, unless the claim shall have first been presented to the executor or administrator." Comp. Stats., p. 396, § 136. The prohibition is general—the right is the exception.

The theory of the statute is very plainly indicated by its whole tenor, and is moreover expressed in the one hundred and thirty-sixth section of the statute, which declares that "no holder of *any claim* against an estate shall maintain *any action* thereon, unless the claim shall have been first presented to the executor, etc." It is impossible to conceive a more general prohibition, or a more distinct exception.

If it were necessary to add anything to this plain view of the law, we would refer to the effects of a judgment on a moneyed claim against an executor. The one hundred and fortieth section of the statute declares that "a judgment rendered against any executor or administrator, upon any claim for money against the estate of his testator or intestate, shall be only to establish the claim in the same manner as if it had been allowed by the executor or administrator, and the Probate Judge; and the judgment shall be that the executor or administrator pay, in due course of administration, the amount ascertained to be due."

There can be no reason in holding that where the law prescribes two means of reaching the same end, and prohibits resort to one of them, until the other has been tried without success, that the prohibited means constitutes the general right, and the other the exception.

The very object of the law is to prevent law suits in every possible

case.   Hence the general common law right to sue an executor is taken away by the statute, and the right only exists in those cases which are exceptions to the general prohibition.   Therefore the plaintiff in his pleading must bring himself within the exception.

The omission of averring a special request or notice, where by law they are necessary, is matter of substance, and may be taken advantage of on a general demurrer.   1 Saund. R., 33 b, note 2 ; Bach v. Owen, 5 T. R., 409 ; Smith v. Leavenworth, 1 Root, 209 ; Lobdell v. Hopkins, 5 Cow., 516 ; Baker v. Fuller, 21 Pick., 321.

But it is respectfully submitted that our demurrer is special, and that by our Practice Act every demurrer must be special.

New York Code, 1852, Voorhees' Supplement, 74 ; Getty v. Hudson R. R. Co., 8 Pr. R., 177.   A demurrer which merely alleges " that the complaint does not state facts sufficient to constitute a cause of action," is sufficient.   Johnson v. Wetmore, 12 Barb. S. C. R., 433 ; Haire v. Baker, 1 Seld., 357 ; Noxon v. Leavenworth, 7 Pr. R., 316 ; Barnham v. Bevorse, 8 Pr. R., 159.   The New York Code contains precisely the same provisions as the fortieth and forty-first sections of the Cal. Pr. Act.

In Graham v. Vining, 1 Tex., 639, the objection to the .complaint was precisely that of which we seek to avail ourselves by our demurrer ; the objection was taken by special demurrer, and the demurrer was sustained.

2.   The second position of the appellant is, that this action being grounded upon the mortgage, and seeking its foreclosure, does not afford an instance of such a claim as the statute requires to be presented to the executor and Probate Judge.

In reply, we say the statute makes no distinction between the different kinds of claims.   Comp. Laws, p. 395, § 128 ; ib., p. 395, § 130 ; ib., p. 395, § 131 ; ib., p. 395, § 132 ; ib., p. 395, § 133 ; ib., p. 396, § 136 ; ib., p. 483, § 186 ; ib., p. 411, § 239 ; ib., p. 412, § 240 ; ib., p. 412, § 242 ; ib., p. 412, § 243.

From the foregoing provisions of the law we deduce :

1.   That all claims against the estate must be presented to the executor.

2.   That only those claims which have been presented and allowed, are to be ranked among the acknowledged debts of the estate.

3.   That mortgage claims are to be paid by the executor, under the decree of the Probate Court, in the due course of administration, according to the order established in the two hundred and thirty-ninth and two hundred and fortieth sections.

4.   That the executor, when he sells property which is subject to any lien or mortgage, discharges the lien or mortgage by the act of sale, and that the proceeds of the property in the executor's hands, shall be applied to the payment of the debt for which the property was mortgaged. Sections 186, 239, 240.   Graham v. Vining, 1 Tex., 639 ; Graham v. Vining, 2 Tex., 433 ; Cole v. Robertson, 6 Tex. ; Martin v. Harrison, 2 Tex., 458.

A mortgage need not be recorded. It is valid without record between the mortgagor and mortgagee. Will the counsel for appellant take the ground that the debt secured by mortgage, if the mortgage deed be not recorded, must be presented with affidavit to the executor, and that it need not be presented if the deed be recorded ?

Our statute even requires claims founded on judgments rendered against the deceased in his lifetime, to be "presented to the executor as any other claim, but need not be supported by the affidavit of the claimant, and if justly due and unsatisfied, shall be paid in due course of administration." Comp. Laws, 2, 390, § 141. *A multo fortiori* mortgage claims should be presented. It appears that our statute does not adopt the reasoning of the Mississippi Courts, but requires presentation of a judgment like any other claim, and does not require of an executor that he shall search all the records of every Court in the State, to ascertain what judgments have been rendered against the testator.

It is almost surprising that decisions establishing the construction of the Mississippi statute should have been brought forward as authorities upon the point under discussion, our statute so clearly and unequivocally expressing and commanding what the Court say the Mississippi statute could not be construed to mean. Again, in the case of Rawlins *v.* Poindexter & Keese, 27 Miss. R., or 5 Cushman, 64, the Court gave the same construction to the statute of 1846, as to that of 1822. This last case was decided in 1854. There has been no statute in Mississippi which prohibits suits being brought against an executor, either at law or in equity, before presentation of the claim to him.

It is equally true that an executor's sale discharges the property of any lien or mortgage created by the testator. For out of the proceeds of the executor's sale of that very property, the law directs him to satisfy the debt secured by it. Sections 186 and 240.

This question was raised in Lafon's Executors *v.* Phillips *et al.*, 2 Martin La. R., 230, N. S.; 7 Mart., 121, Ed. 1852. In the case of De Ende *v.* Moore, 2 Mart. N. S., 337 ; 7 Mart., 173, Ed. 1852, Judge Porter reviews the case of Lafon's Executors, and re-affirms its doctrines in a very able and elaborate opinion. All the Louisiana decisions on this question have been uniform. See Hooey *v.* Cunningham, 14 La. Rep., O. S., p. 56, or 7 La. Rep., 425, Ed. 1854, which was decided in 1838 ; and also Grayson *v.* Mayo, 2 La. An., 927, decided in 1847.

There is no force in the argument by appellant's counsel, that the executor can sell only the testator's title and estate in the land, and that such estate consisted only in the equity of redemption, and therefore that the executor can sell only the equity of redemption. The statute regards the mortgagor as the owner of the land, just as Courts of law and equity do. Jackson *ex dem.* Willard, 4 John. Rep., 41 ; Jackson *v.* Bronson, 19 Johns. Rep., 325.

It is a great mistake to suppose that the statute takes away from the District Court its jurisdiction over mortgage claims, and transfers it to the Probate Court. It does neither. It simply abolishes the peculiar

judgment of foreclosure and sale in the case of a mortgage creditor of an estate, seeking to establish the validity of his claim, as it abolishes the common form of a judgment in law, and substitutes for each a new judgment grounded upon the peculiar character of the claim, and the subject matter of the controversy.

But this provision of the law is nothing more than a regulation of the process by which the property of the estate is to be converted into money, for the payment of debts which have either been admitted by the executor to be due, or so determined by a Court of competent jurisdiction. It is simply a mode appointed by law, to raise money for the purpose of paying debts about which there is no dispute. It is not an exercise of jurisdiction, strictly speaking. It does not involve " the power to hear and determine any matter in controversy between parties to a suit," and in such power jurisdiction consists. It is rather a power vested in a Court to sell land.

Sales of land by order of the Probate Court, when made in the course of administration for payment of debts legitimately belong to the jurisdiction of the Probate Court. Currie *v.* Stewart, 27 Miss. R., or 5 Cushman, 55 and 56.

In Vignaud *v.* Tonnacourt's curator, 12 Mart. R., 229; McDonough *v.* Johnson's Executors, 2 Mart. N. S., 287; Smith *v.* Wilson, 2 La. R., 256; Ballew *v.* Andrus's Executors, 10 La. Rep., 470; it was held that the Probate Court possessed exclusive jurisdiction of all suits for the collection of debts due by an estate.

The cases of Martin *v.* Harrison, 2 Texas, 458, and Conkrite *v.* Hart & Co., 10 Texas, 140, decide that the Probate Court has exclusive jurisdiction over all matters relating to the settlement of the estates of deceased persons, and, among others, over the foreclosure of mortgages.

Our statute is peculiar. It differs from that of any other State which we have had an opportunity to examine. It does not, like the statutes of Texas and Louisiana, vest in the Probate Court jurisdiction, either exclusive or concurrent, to hear and determine the subject matters of controversy presented by claims against an estate.

It is intended by our statute that mortgage claims, like others, shall be paid by an executor or administrator, in the due course of administration, then it follows, that all the provisions of the law designed to effect the payment of the debts of an estate, and to render practicable the execution of such a trust, and to keep in the possession of the executor, and under control of the Probate Court, the property of the estate to be applied to that trust, were intended to cover all moneyed claims, whether secured by mortgage or not.

The opinion of the Court was delivered by Mr. Chief Justice Murray. Mr. Justice Heydenfeldt concurred.

The 136th section of the Act to regulate the estates of deceased persons, page 396 Compiled Laws, provides that " no holder of any claim against an estate shall maintain any action thereon, unless the claim shall have been first presented to the executor or administrator." It is

further provided, that every claim shall be accompanied with the affidavit of the holder, that the amount is justly due, and that no payments have been made thereon.

If the claim is allowed, it shall be paid in the due order of administration, and if rejected, the party may bring his action within three months thereafter, and if he recover judgment, the same shall be paid in like manner as if the claim had been allowed.

There is no exception to the rule, other than in the case of a judgment, execution and levy, in the lifetime of the deceased.

The word " claim," employed by the statute, is sufficiently comprehensive to include every species of charge or account against an estate, whether the same be recorded or not. Numerous decisions have been cited from other States upon statutes similar to our own, which are not altogether uniform, the doctrine being differently established in different Courts.

To our mind, the statute of this State is too plain to admit of any doubt, or require a resort to other decisions for a rule of construction. The intention of the Legislature was undoubtedly to protect the estates of deceased persons from harassing and expensive litigation, until such a period as the administrator or executor could secure the assets for the purpose of liquidating the claims, and this intention could only be carried out by applying the rule to all demands or claims whatever.

If the Legislature had intended to dispense with notice and a demand, in the case of mortgages and liens of record, it appears to us that the party suing would have been allowed the fruits of his judgment by execution and sale, instead of which he is denied the right to sue out an execution. If suits of this kind are to be maintained, creditors of recorded claims may waste an estate by the costs of litigation to the prejudice of those holding claims of inferior dignity. Besides, they will escape the necessity of informing the administrator or executor, of any payment on, or set off to, their demands, as provided by the statute.

We see no hardship in the rule when it is understood, and we think that an adherence to it will prove extremely beneficial, as it will serve to protect the property of deceased persons, and thereby secure a larger fund for the satisfaction of all the creditors.

Upon the question whether this point should have been taken advantage of, by answer or demurrer, we are satisfied that the demurrer was properly interposed. The non-presentation was not a matter of avoidance, only to be taken advantage of by plea. The general right to sue an administrator was taken away by the statute, except in case of presentation and rejection of the account, and the declaration should have set out the exception.

The objection that the demurrer does not " distinctly specify the grounds on which the objections to the complaint are taken," would perhaps be maintained were it not for the fact that the Courts of this State, following the analogies of the New York Code, have adopted the construction of her Courts upon this subject, and maintained the sufficiency of such a demurrer.

In mere matters of practice involving no principle, it would be safer to acquiesce in a rule which has been established for several years in the inferior Courts of this State, the abrogation of which might introduce confusion and operate hardly on litigants. ·

Judgment affirmed.