## WILLIAMSON et al. v. BLATTAN et al.

In an action on an undertaking executed to release property from attachment, the complaint should allege that the property attached was released upon the delivery of the undertaking.

A failure to do so is fatal, and the defect may be taken advantage of by demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

This was an action instituted against the defendants to recover from them the sum of $372 46. The action was brought on an undertaking executed by the defendants to release certain property, seized and held by attachment in a certain suit wherein Teal and Post were plaintiffs, and Davidson and Stevens were defendants.

The complaint alleges that Teal and Post commenced a suit in the District Court of the Fourteenth Judicial District, against Davidson and Stevens to recover the sum of $372 46, and that to secure the payment thereof the said Teal and Post attached certain property of said Davidson and Stevens, "who, for the purpose of releasing said property from said attachment according to the statute in such case made and provided, caused to be executed a certain bond in the words and figures following." The bond is then set out at large. The complaint avers that judgment was obtained in said suit, and that execution was issued and returned unsatisfied; that said judgment is not paid, and that defendants have no visible property liable to execution; and that said undertaking has been duly assigned to plaintiffs; that plaintiffs have demanded of the defendants payment of said sum of money, and that they have failed to pay, and that the amount is now due and unpaid, etc.

To this complaint the defendants demurred, and among other grounds assigned as a ground of demurrer, " that the complaint does not state facts sufficient to constitute a cause of action."

The Court below overruled the demurrer, and gave judgment for the plaintiffs, and defendants appealed to this Court.

*Francis J. Dunn* for Appellant.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BURNETT, J., concurring.

This is an action upon an undertaking executed to release property from an attachment.   The complaint does not aver that the property attached was released upon the delivery of the undertaking.   In this respect it is defective, and the defect is one which may be taken advantage of under a demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action without further specification.   (Palmer *v.* Melvin et al., 6 Cal., 651; Haire *v.* Baker, 1 Selden, 357; Johnson *v.* Wetmore, 12 Barbour, 433; Ellissen *v.* Halleck, 6 Cal., 386.)

It follows that the Court erred in overruling the demurrer. Judgment reversed, and cause remanded, with leave to the plaintiffs to amend their complaint.