## FALLON v. BUTLER et al., EXECUTORS, ETC.

AN action may be maintained in the District Court against an executor or administrator, to foreclose a mortgage upon real estate executed by his testator or intestate, although the debt secured by the mortgage has been presented as a claim to the executor or administrator and allowed by him, and also by the Probate Judge of the county, where the only object of the action is to reach the property mortgaged and subject it to sale, and have the proceeds applied to the payment of the debt secured, and a judgment is not asked against the general estate of the deceased for the debt or any part of it.

The cases of *Ellissen* v. *Halleck* (6 Cal. 386) and *Faulkner* v. *Folsom's Executors* (Id. 412) commented upon and overruled.

Fallon *v.* Butler.

The provision of the act regulating the settlement of the estates of deceased persons, declaring that no sale of any property of an estate shall be valid unless made upon an order of the Probate Court, applies only to sales by executors and administrators. It has no reference to judicial sales under the decrees of the District Courts, nor to sales in pursuance of testamentary authority.

The term "claims," as used in the act, does not embrace mortgage liens, but has reference only to such debts or demands against the decedent as might have been enforced against him in his lifetime by personal actions for the recovery of money, and upon which only a money judgment could have been rendered.

APPEAL from the Fourth Judicial District. The facts are stated in the opinion.

*Hoge & Wilson,* for Appellants, cited *Ellissen* v. *Halleck* (6 Cal. 386); *Faulkner* v. *Folsom's Executors* (Id. 412); Act to regulate the Settlement of the Estates of Deceased Persons, secs. 133, 134, 136, 140, and 148.

*Delos Lake,* for Respondent.

The only question in the case is, as to the right of a mortgagee to maintain an action in a Court of Equity to foreclose a mortgage, the mortgagor being dead; or, in other words, whether Probate Courts are vested by statute with exclusive jurisdiction to enforce such mortgage.

The only doubt or difficulty there is in the case arises from the decisions in the two cases of *Ellissen* v. *Halleck* (6 Cal. 386) and *Faulkner* v. *Folsom's Executors* (Id. 412).

But we submit, that these cases, if not wholly overruled, have been so qualified and shaken by the later cases of *Belloc* v. *Rogers* (9 Cal. 125); *Carr* v. *Caldwell* (10 Id. 380); *Hentsch* v. *Porter* (Id. 555) as to leave us at liberty to appeal to the statute itself.

The whole question hinges on the proper meaning of the term "claim against an estate," as used in section one hundred and thirty-six of the Probate Act and the preceding sections, and whether a naked mortgage lien is such a claim against the estate of a deceased person.

We think it clear that under the statute, whatever was a personal debt or liability of the decedent becomes by his death a "claim" against his estate, and that it is only such claims or debts

as are enforcible against the decedent in his lifetime by ordinary personal actions for the recovery of money that are required by law to be presented to the executor or administrator for allowance, and upon which by section one hundred and thirty-six no action can be maintained.

All such claims, if allowed voluntarily, become acknowledged debts of the estate; *i. e.,* debts of the decedent, and are to be paid in due course of administration.

In case a claim is rejected, a suit may be maintained against the executor or administrator, but a recovery in such an action has not the ordinary force or effect of a judgment. It only operates as a forced allowance, and is still to be paid in due course of administration. (Sec. 140.)

Hence it will be seen, that in no case can a claim against the estate be collected by action. It can only be established and can only be enforced in the Probate Court in due course of administration.

The object sought to be attained in this action is to subject the lands mortgaged to a sale for the satisfaction of the mortgage debt. No judgment or decree is asked to bind the estate of the decedent, nor for the payment of any moneys whatever out of the estate. The indebtedness is alleged it is true, but only for the purpose of showing a valid consideration for the mortgage, and in order that it may be judicially determined how much of the money realized on a sale the mortgagee shall be entitled to receive.

It is to be observed, that no provision is made by the statute for subjecting mortgaged premises to sale by the Probate Court for the purpose of satisfying the mortgage.

The cases in which sales of real estate by executors are authorized are confined to those where the personal property is insufficient to pay all the debts and charges of administration, (sec. 154) and where it is necessary for the purpose of paying legacies, (sec. 176).

The one hundred and eighty-sixth section provides, that when any sale is made by an executor or administrator, " pursuant to the provisions of this chapter, of land subject to any mortgage or lien which is a valid claim against the estate of the deceased, the purchase money shall be applied after paying the necessary expenses of the sale, first, to the payment and satisfaction of the mortgage, and the residue in due course of administration."

Fallon *v.* Butler.

This section does not authorize a sale of lands by executors or administrators for the sole purpose of paying off and discharging a mortgage on the identical lands sold, but in case a sale shall be necessary and is made for the purpose of paying debts or legacies, then the purchase money is to be applied, in the first place, to pay off and satisfy the mortgage, but only in cases where the mortgage debt is " a valid claim against the estate of the deceased," and only the residue of the money arising from the sale is to be disposed of " in due course of administration."

It would seem, therefore, that in case of a sale of real estate by executors or administrators, which was incumbered by a mortgage, unless the mortgage debt was a personal claim against the decedent in his lifetime, and therefore a valid claim against his estate on his death, such sale must be made subject to the mortgage, and in such case the holder of the mortgage must resort to the ordinary remedy by action to foreclose the equity of redemption.

But whether this be so or not it is obvious that no sale can be made by executors or administrators for the mere purpose of satisfying a mortgage made by the decedent, unless there was a personal liability on the part of the mortgagor to pay the mortgage debt, which liability became on his death a claim against the general estate.

In the absence of any statute regulating foreclosure actions, the ordinary decree in the case would be for a sale of the mortgaged premises and foreclosing the equity of redemption of the parties to the action.

By our statute the Court may make a decree, that the party personally liable shall pay any deficiency. By a recent statute it is made imperative to take a personal decree for the deficiency, and failing to do so would probably be a release of the personal liability.

I refer to these statutes merely to show that without some such provision there would not be the shadow of a pretense for calling a foreclosure suit an action on a claim against an estate of a deceased person who should happen to have been a mortgagor.

But how does it become any more a claim because a Court of Equity may in a proper case include in its decree a direction that the mortgagor who is personally liable shall pay the deficiency?

Fallon *v.* Butler.

If the appellants' proposition is correct, to what result does it lead ? If their construction of the statute is the true one then it must hold good in all cases, because the statute makes no exceptions. And the length and breadth of the rule must be, that no action can be maintained for the foreclosure of a mortgage in a case where the mortgagor is not living ; nor where the equity of redemption was owned by a decedent at the time of his death by purchase from a mortgagor ; nor in case of a naked dry mortgage with no personal liability of any one like the case of *Whitney* v. *Buckman* (13 Cal. 537).

Thus, in case a person after making a mortgage, conveys the equity of redemption and then dies, no action can be maintained to foreclose the mortgage, because the representative of the deceased mortgagor can only be proceeded against in the Probate Court ;

Or, A dies, leaving lands incumbered by a mortgage made by his grantor, the mortgagee cannot foreclose his mortgage in equity, notwithstanding the fact that neither A nor his estate was ever liable for the mortgage debt.

Take another case : A makes a mortgage to secure the debt of B, and dies. The mortgagee cannot foreclose his mortgage in equity, although there never was any liability on the part of the mortgagor, either legally or equitably, to pay the debt.

That it was not the intention of the framers of the statute to work such mischief, there can be no doubt.

With all proper deference to the Judges who decided *Ellissen* v. *Halleck*, every lawyer knows that the gist of an action to foreclose a mortgage, is to foreclose or cut off the equity of redemption. By our statute this is done by a sale ; without a statute it would be by a strict foreclosure. In either case it is a suit *in rem.*

We do not seek to collect the debt out of the estate. We ask no decree for any deficiency. It is therefore practically the case of a dry mortgage without personal liability.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

This is an action for the foreclosure of a mortgage executed on the twenty-seventh of February, 1856, by David C. Broderick, late

of the city of San Francisco, upon certain real property situated within · that city, to secure his promissory note of the same date for ten thousand dollars, payable in twelve months, with interest. Broderick died on the sixteenth of September, 1859, and the action is brought against the executors of his last will and testament, and parties claiming some interest in the mortgaged premises as devisees, legatees, purchasers or otherwise, subsequent to the lien of the mortgage. The complaint alleges the probate of the will, and the issuance of letters testamentary to the defendants, Butler and McGlynn, the executors named therein; the presentation of the promissory note, verified as required by statute, to them, as such executors, for the approval and allowance as a claim against the estate of the deceased, and its approval and allowance by them, and subsequently by the Probate Judge of the county; and prays for the usual degree for the sale of the premises, and the application of the proceeds to the payment of the amount found due upon the note for principal and interest, and for the costs and per centage stipulated. There is no prayer for judgment or execution for any deficiency which may remain after the application of the proceeds of the sale. The plaintiff obtained a decree pursuant to his prayer.

The objection taken by the appellants is to the jurisdiction of the District Court to entertain the action. It is founded upon certain provisions of the "Act regulating the Settlement of the Estates of Deceased Persons," and the decisions in this Court in *Ellissen* v. *Halleck*, (6 Cal. 386) and *Faulkner* v. *Folsom's Executors*, (Id. 412).

The provisions of the act referred to are those which declare that no sale of any property of an estate shall be valid unless made upon an order of the Probate Court (sec. 148); that no action shall be maintained upon any claim against an estate unless the claim has been presented to the executor or administrator and been rejected by him, or if approved by him, has been rejected by the Probate Judge of the county (secs. 134, 136); that a claim allowed by the executor or administrator and Probate Judge shall be ranked among the acknowledged debts of the estate, to be paid in due course of administration (sec. 133); and that the effect of a judgment rendered against an executor or administrator upon a claim for money against the estate of the testator or intestate, shall be only to

Fallon *v.* Butler.

establish the claim in the same manner as if it had been allowed by the executor or administrator and Probate Judge (sec. 140). These provisions, it is contended, divest the District Court of jurisdiction to entertain the action for the foreclosure of the mortgage, and place the debt to the plaintiff allowed by the executors and Probate Judge among the simple money demands against the estate of the testator, to be paid in the due course of administration, and the sale of the property mortgaged subject to the exclusive jurisdiction of the Probate Court. The only advantage which the plaintiff possesses by his mortgage, according to the position of the appellants, over the holder of an unsecured money demand against the estate is this: that in case the funds in the hands of the executors are insufficient to pay all the debts of the testator, he can insist upon an appropriation of the proceeds arising from the sale of the mortgaged premises to the payment of his demand in preference to the claims of other creditors.

In the case of *Ellissen* v. *Halleck* there was no presentation of the claim arising upon the personal obligation of the mortgagor to the executors for allowance, and the Court held, that such presentation and the rejection of the claim by them or by the Probate Judge were essential to the maintenance of the action for the foreclosure of the mortgage. In *Faulkner* v. *Folsom's Executors* the claim was presented to the executors and allowed by them, and the Court held the allowance gave to the claim "all the virtues and properties which a judgment against executors can have under our system;" and that there was in consequence no necessity for the action. In *Ellissen* v. *Halleck* there was a prayer in the complaint, that the executors be adjudged to pay any deficiency, which might remain after the application of the proceeds of the sale, out of other assets of the estate of the deceased. In *Faulkner* v. *Folsom's Executors* there was a prayer that such deficiency be classed among the demands against the estate, and the executors be directed to pay the same in the due course of administration. In neither case did the Court distinguish between the claims arising upon the personal obligations of the mortgagors, and the right of the mortgagees to seek the aid of a Court of Equity to enforce their specific liens. Yet the distinction is obvious, and has been, tacitly at least, recognized in later

cases. The decisions, therefore, of those cases never met the full approbation of the profession, and as titles to property amounting in value to millions rest upon sales under decrees of the District Court in cases instituted for the foreclosure of mortgages made by deceased persons, we are justified in reconsidering the question of the jurisdiction of that Court in such cases.

The provision of the statute declaring that no sale of any property of an estate shall be valid unless made upon an order of the Probate Court, applies only to sales by executors and administrators. It has no reference to judicial sales under the decrees of the District Courts, nor to sales in pursuance of testamentary authority. (*Cowell* v. *Buckelew,* 14 Cal. 641; *Norris* v. *Harris,* 15 Id. 256; *Payne* v. *Payne,* 18 Id. 292.) The question then for consideration is, whether a mortgage lien is a " claim against the estate " of a deceased person, within the meaning of the Probate Act, so as to preclude an action for its enforcement until the debt secured by it has been presented to the executors and been *rejected* by them, or by the Probate Judge.

As we have seen, the statute declares, that a claim allowed shall be ranked among the acknowledged *debts* of the estate, to be *paid* in the due course of administration. (Sec. 133.) Other provisions treat a claim as synonymous with a debt, or a legal demand for money. Notice is to be given " to *creditors* of the deceased requiring all persons having claims against the deceased to exhibit them." (Sec. 128.) " Every claim presented to the administrator shall be supported by the affidavit of the claimant, that the *amount* is justly *due,* that no *payments* have been made thereon, and that there are no *offsets* to the same to the knowledge of the claimant." (Sec. 131.) When any claim is only allowed in part by the administrator, executor, or Probate Judge, " he shall state in his indorsement the *amount* he is willing to allow." (Sec. 139.) " If the executor or administrator is himself a *creditor* of the testator or intestate " his claim shall be presented, duly authenticated, for allowance or rejection to the Probate Judge. (Sec. 145.) In the statements to be returned by the executor or administrator, " he shall designate the names of the *creditors,* the nature of each claim, when it became *due,* or will become *due,* and whether it was allowed

or rejected by him." (Sec. 147.) " If claims against the estate have been allowed, and a sale of property shall be necessary for their *payment*, or of the expenses of the administration," the executor or administrator may apply for an order to sell so much of the personal property as may be necessary. (Sec. 150.) If an executor or administrator " shall have *paid* any claim for less than its nominal value," he shall only be entitled to charge in his account so much as he shall have actually paid. (Sec. 220.) Other provisions equally pertinent might be cited. Whatever signification then may be attached to the term " claims," standing by itself, it is evident that in the Probate Act it only has reference to such debts or demands against the decedent as might have been enforced against him in his lifetime by personal actions for the recovery of money, and upon which only a money judgment could have been rendered. In this sense a mortgage lien is not a claim against the estate. In its enforcement a money judgment is not sought, but a subjection of the property to sale and the application of the proceeds to the payment of the debt secured. The debt secured may or may not be a personal liability. Whether it be so or not it is distinct from the mortgage lien. In the present case the debt is evidenced by the promissory note of the mortgagor, and the complaint alleges, as we have stated, its presentation and allowance as a claim against the estate. Such presentation and allowance were necessary to secure the payment of the debt out of the general estate, if that were desired, and perhaps also to prevent the debt from being barred by the statute, and thus to uphold the mortgage. But no judgment is asked against the estate either for the debt, or any part of it. The sole object sought is to reach the property mortgaged, and subject it to sale, and have the proceeds applied to the payment of the debt. The action is in the nature of a *proceeding in rem*. "A bill of foreclosure," says Mr. Chancellor Kent, " is for a specific performance of the mortgage contract, by passing the whole title of the mortgagor to the plaintiff, or the purchaser under the decree, and it is precisely a *suit in rem*. The whole object of the suit is the remedy by foreclosure or sale of the mortgaged premises, and it is therefore within the reason of the cases which speak of a suit concerning the title and possession of the

Fallon *v.* Butler.

land itself." (*Kershaw* v. *Thompson*, 4 Johns. 616; see also *Nagle* v. *Macy*, 9 Cal. 429.)

If the position of the appellants—that a mortgage lien is a claim within the meaning of the Probate Act, and cannot therefore be enforced by action when the demand secured by it is allowed by the executor or administrator and Probate Judge—were tenable, great inconvenience and, in numerous instances, manifest injustice would follow. If it be tenable at all it must hold good, as counsel observes, in all cases, for the statute makes no exceptions. If true, it applies not merely to a case where the mortgagor is deceased, but where the equity of redemption was owned by the decedent, and to the case of a dry, naked mortgage with no personal liability. Thus, to adopt the illustrations given by counsel, if a mortgagor convey the equity of redemption and then die, no action can be maintained to foreclose the mortgage, because the representatives of the deceased mortgagor can only be proceeded against in the Probate Court. Or, if the lands of the decedent are incumbered by a mortgage of his grantor, no action will lie for the foreclosure of the mortgage, because the right to subject the real property of the deceased to sale is a claim against the estate. Numerous other instances might be given showing equal inconvenience following the position asserted. It is clear to our minds that the Legislature never intended to give to the statute such an extended operation; but that in the use of the term " claims " it intended to embrace only such demands or liabilities as might by action be reduced to simple money judgments, and to leave the enforcement of specific liens and equitable rights to the ordinary proceedings in the District Courts. In the case of mortgages it must often happen—where there are subsequent incumbrancers, or the property has gone through numerous transfers—that complete justice can only be done to the different parties asserting interests, or a good title given upon the sale, through an equitable action.

Judgment affirmed.