JOHN J. CORBETT, Appellant, *v.* HENRY F. RICE et al., Respondents.

Our statute in regard to probate matters does not prohibit bringing suit on an allowed claim; but simply denies the plaintiff costs if he recovers no more than the administrator was willing to allow.

When others than the defendant are necessary parties to a foreclosure suit, the proceeding cannot be in the Probate Court, but must be in equity.

When only the mortgagee and the representative of the deceased mortgagor are necessary parties, the Probate Court and Equity Courts have concurrent jurisdiction.

In those cases where a Probate Court has jurisdiction and can administer full relief, it is in the discretion of a Court of Equity to assume jurisdiction, or turn the parties over to the Probate Court. And if a Court of Equity proceeds with the foreclosure, it has the right either to allow or refuse costs to the mortgagee.

Per dissenting opinion of Lewis, C. J.

An action of foreclosure cannot be maintained against the estate of a deceased mortgagor after the note and mortgage have been allowed by the administrator as a valid claim against the estate, and before the final settlement, where there are no parties affected except the claimant and the administrator.

When the complaint shows the fact that the claim has been allowed, it is demurrable precisely the same as if it alleged a former suit and judgment upon the same claim, because the allowance of the demand gives it all the effect of a judgment against the estate.

The word " claim " in the Probate Act of this State includes secured as well as unsecured claims.

The only distinction which the law seems to make between secured and unsecured debts is that the former shall have the proceeds of the security applied in its payment, if the security is sold.

APPEAL from a judgment of the District Court of the Second Judicial District, Ormsby County, Hon. S. H. WRIGHT presiding.

The facts are stated in the Opinion.

*Thomas Wells*, for Appellant.

This is a proceeding *in rem*, and Chancery has jurisdiction. (21 Cal. p. 24; 9 Cal. 125; 10 Cal. 380–555; 4 John. Ch. Cases, 616; 9 Cal. 426.)

The section of the Probate Act which prohibits sales except by order of the Probate Court, refers only to sales made by executors or administrators. It does not prohibit judicial sales. (14 Cal. 641; 15 Cal. 256; 18 Cal. 292; 21 Cal. 24.)

*Clayton & Clarke*, for Respondents.

An allowed claim occupies the same position against an estate as a judgment. It is an established debt, to be paid in due course of administration. The law will not allow an administrator to be harassed with unnecessary suits.

The word "claims" refers as well to debts secured by mortgage or other liens as to debts not secured. (*Ellison* v. *Halleck*, 6 Cal. 386; *Ellis* v. *Polhemus*, 27 Cal. 350; *Faulkner et al.* v. *Folsom's Executors*, 6 Cal. 412.)

Opinion by BEATTY, J., BROSNAN, J., concurring in the judgment.

This was a bill filed to foreclose a mortgage executed by the testatrix, and after her death presented with the accompanying note to the executors, and allowed as a valid claim against the estate. The defendants demurred to the bill, and that demurrer was sustained and judgment rendered in favor of the defendants.

The ground of the demurrer was that the District Court, acting as a Court of Equity, had no jurisdiction to hear or determine the cause; that it was a matter exclusively cognizable in the Probate Court.

The only question to be determined on this appeal is, whether the jurisdiction of the Probate Court in such cases is exclusive, or

whether there is a concurrent jurisdiction in Courts of Chancery to enforce the mortgage against the executors.

It is contended on the part of respondents that the statute of this State in relation to the estates of deceased persons, confers exclusive jurisdiction on the Probate Courts to sell all property, real and personal, of decedents, necessary to be sold for the payment of debts. In support of this proposition, they cite many sections of the Act in relation to the estate of decedents, and also many cases adjudicated in California on a statute almost identical in language with our statute.

Section 150 of our statute reads as follows :

" No sale of any property of an estate of a deceased person shall be valid unless made under an order of the Probate Court, *except as otherwise provided in this Act or other Acts.*"

The first part of this section exactly corresponds to section 148 of the California Act ; but the words italicised in our Act are added to those contained in the California Act.

In California the question arose several times, whether this 148th section of the Act absolutely forbade the making of sales of property belonging to estates of deceased persons, otherwise than upon order of the Probate Court, or was only intended to forbid executors and administrators to make such sales without such order.

At first the Courts were disposed to hold that no sales, whether judicial or otherwise, could be made, or at least ought to be made, of the property of a decedent, otherwise than by an order of the Probate Court. (See *Faulkner* v. *Folsom's Executors*, 6 Cal. 412.)

But subsequently the rulings on this point were changed, and the Courts of that State held this section was only intended to prohibit executors and administrators from selling on their own responsibility, without the order of the Probate Court, and did not prohibit judicial sales if otherwise properly authorized. (See *Fallon* v. *Butler et al.*, 21 Cal. 24.) Our 150th section, corresponding to their 148th, seems even more clearly than the California Act to authorize the latter interpretation, and we think it should be so interpreted. It is claimed, however, that there are other sections which would by implication at least forbid a Court of Equity enter-

*Corbett v. Rice et al.*

taining jurisdiction of a foreclosure suit against the representative of a decedent.

Section 142 provides that the effect of a judgment shall be the same, and none other than the mere allowance of the claims by the administrator or executor. Hence it is concluded that the law-makers could not have intended to allow suits to be prosecuted and judgments obtained on *allowed* claims, where nothing would result from the judgment but to leave both parties where they were before the judgment. So far as a simple judgment at law for a money demand is concerned, that argument would seem to be almost unanswerable. And perhaps it is to be regretted that the statute does not say in so many words no action at law should be maintained on an allowed claim. Indeed it seems to have been assumed by the learned Judge, who rendered the opinion in the case of *Fallon* v. *Butler et al.*, (21st Cal. p. 24) that such was the purport of the California Act.

But, in truth, neither the California nor Nevada Act contains any such prohibition. Section 138 of our Act reads as follows: " No holder of any claim against an estate shall maintain any action thereon, unless the claim shall have been first presented to the executor or administrator." Section 136 of the California Act is, we believe, identical in language with this. This language does not in terms prohibit the bringing of suits on claims allowed, nor restrict suits to claims rejected. Nor is there any other clause containing such prohibition or restriction. It only requires the presentation to the administrator or executor with the proper proofs so as to inform him of the facts of the case, and allow him to act for the best interests of the estate. There is also another section (141) which will protect the administrator or executor from costs if he allows all that is justly due.

Now as the right to bring suit for any claim past due is a common law right, we do not think this Act should be so construed as to be in derogation of that right. If any one should be foolish enough to bring suit on a simple money demand against an administrator, he would probably have to pay costs and gain nothing but an empty judgment, which, so far as this State is concerned, would place him in no better condition than the simple allowance of the demand.

Possibly, if he wished to proceed against the estate of the decedent in another State or county, the judgment might be more available.

But when the demand is secured by mortgage, and other parties besides the decedent and mortgagee are interested, it would frequently be absolutely necessary to invoke the aid of a Court of equity jurisdiction to afford proper relief.

Suppose A borrows $1,000 of B, and executes his note and mortgage on a house and lot to secure the debt. He afterwards sells the house and lot to C, subject to the mortgage, and then dies. The property is depreciated in value so as to be worth only $500. C, the purchaser, has come under no personal obligation, and A's estate is not fully solvent. How is B to get his money? To get the claim allowed against A's estate won't do, because the estate is not solvent and would only pay a dividend without the mortgaged property. To abandon all claim against the estate, and pursue his remedy against the mortgaged property in the hands of C, he would get only $500. The Probate Court could not make an order to sell the property of C, who is alive. The only way would be to proceed in equity against C and the executor of A; have a decree against the land, to sell that first, and then an order on the executor of A to pay, in the due course of administration, any balance which the mortgaged premises did not discharge.

We hold, then, that Equity Courts have jurisdiction to foreclose mortgages against the estates of deceased persons. In some cases those Courts have exclusive jurisdiction. That is in those cases where it is necessary to bring before the Court other parties over whom the Probate Court can have no jurisdiction. In other cases, where the only necessary parties to the proceeding are the mortgagee and the representative of a deceased mortgagor, the jurisdiction of the Probate Court is concurrent with that of the Equity Court.

But whilst the two Courts have concurrent jurisdiction in such cases, we think a Court of Equity has a discretion in any given case as to whether it will exercise that jurisdiction or leave the parties to the ordinary remedy in the Probate Court. In this respect, Courts of Equity are different from Courts of Law. If a Court of Law has jurisdiction of a case and the parties thereto, it has no

Corbett *v.* Rice *et al.*

discretion ordinarily to hear and determine it. But Courts of Equity exercise a discretion as to whether they will hear a case or afford the relief sought in various cases where there is no question as to their power and jurisdiction.

· If a suit is brought where there are necessary parties, whose rights could not be adjudicated ·in a Probate Court, the Equity Court must of necessity hear the case. But if there are no necessary parties to the suit except the mortgagee and the representative of the mortgagor, then the Chancellor might well refuse to entertain the bill, unless some special hardship would arise to the mortgagee by turning him over to the Probate Court.

If the mortgagee's security was sufficient to pay his debts at the time of bill filed, but likely to depreciate in value, and the personal estate of decedent were involved in litigation, and it was likely to be a long time before it was determined if it could be made available to pay the debts of the deceased, perhaps it would be just and proper to sell the mortgaged property under a decree in equity, before waiting to see if the personal property would pay the mortgage and other debts. If, on the other hand, the estate was perfectly solvent, and enough of the personalty to pay all debts, it would be hardly proper for the Chancellor to hurry the sale of the mortgaged property before the executor could realize from the personalty and extinguish the mortgage debt with the proceeds.

Every case of this sort would present itself very much to the discretion of the Judge, and he might, in the exercise of a sound discretion, either hear and determine the case, or else on motion dismiss it without prejudice, leaving the party to pursue his remedy before the Probate Court.

But we think a demurrer cannot be sustained in a case like this unless the bill shows two things affirmatively : First, that it is a case where the Probate Court can administer full relief ; second, that the Court is actually proceeding and taking steps for the sale of the property.

The latter proposition is not shown in this bill, and therefore the demurrer should not have been sustained. The judgment must be reversed ; but it is left entirely discretionary with the Court below whether it will proceed with the trial of the case, or on motion dismiss the bill without prejudice, allowing the plaintiff to show, if he

desires it, either by amendment to his bill, or otherwise by affidavit, any special reasons for proceeding with the case. It is also entirely in the discretion of the Court below, if the foreclosure proceeds in that Court, to allow costs to the plaintiff, or withhold them, as he shows or fails to show on trial the necessity of this proceeding, as the Court may apportion the costs in its discretion.

Dissenting opinion by LEWIS, C. J.

The record in this case presents but one question for determination upon this appeal, namely: Can an action of foreclosure be maintained against the estate of a deceased mortgagor after the note and mortgage have been allowed by the administrator as a valid claim against the estate, and before the final settlement? In my opinion, as a general rule, it cannot. The Act entitled "An Act to regulate the settlement of the estate of deceased persons" (Laws of the year 1861, p. 186) clearly directs the manner in which claims against the estate of deceased persons shall be presented and disposed of. Section 135 declares that "every claim which has been allowed by the executor or administrator, and approved by the Probate Judge, shall within thirty days thereafter be filed in the Probate Court, and be ranked among the acknowledged debts of the estate, to be paid in due course of administration."

Section 136 provides that "when a claim is rejected, either by the executor or administrator, or the Probate Judge, the holder shall bring suit in the proper Court against the executor or administrator within three months after the date of its rejection if it be then due, or within three months after it becomes due, otherwise the claim shall be forever barred." And Section 142 declares that "the effect of any judgment rendered against any executor or administrator upon any claim for money against the estate of his testator or intestate, shall only be to establish the claim in the same manner as if it had been allowed by the executor or administrator and the Probate Judge; and the judgment shall be that the executor or administrator pay in due course of administration the amount ascertained to be due."

Though the bringing of a suit against the estate of a deceased person, as in this case, seems nowhere expressly prohibited in the

Act referred to, yet as another method of proceeding is explicitly prescribed, that, it seems to me, should be pursued, at least whenever it furnishes a complete remedy.  So, 'too, the provision that suit upon *rejected* claims must be brought within a given time, also raises an implication that no suit should be brought upon claims allowed.  Again, when a judgment is obtained against an estate, it is expressly provided that no execution shall issue thereon, and that its only effect shall be to establish the claim in the same manner as if it had been allowed by the executor or administrator.  (Sec. 142.)   Then the only object of the suit against the estate is to establish the claim as a valid demand against it to be paid in due course of administration.  Hence, a judgment places the claim in no better position than if it were allowed by the executor or administrator as a valid demand against the estate.  Indeed the allowance of the claim, as a general thing, is equivalent to a judgment against it.  If the executor or administrator allow a claim, it is all the law requires him to do, and the creditor of the estate is placed in as favorable position as if he had his judgment.  I can therefore see no cause of action against the estate.  When, as in this case, the complaint shows the fact that the claim has been allowed, it is demurrable precisely the same as if it alleged a former suit and judgment upon the same claim, because the allowance of the demand gives it all the effect of a judgment against the estate. A judgment upon an allowed claim would be utterly useless, and for that reason, if no other, the estate should be protected from the burdens of litigation, which could result in no good.   It is claimed, however, that the same rule governing unsecured claims against an estate does not apply to demands which are secured by mortgage. But I am unable to find that the Probate Act referred to recognizes any distinction.   The law requires all claims to be presented for allowance or rejection, and prescribes the manner in which they shall be paid, and it seems to be conceded that the word " claim " includes secured as well as unsecured claims.   And it is so held in California.   (*Ellison* v. *Halleck*, 6 Cal. 386 ; *Ellis* v. *Polhemus*, 27 Cal. 350.)   The only distinction which the law seems to make between secured and unsecured debts is that the former shall have the preceeds of the. security applied to its payment if the security is sold.   The view which I have taken of this question is

fully supported by the Supreme Court of California in the case of *Ellison* v. *Halleck et als.*, 6 Cal. 386, and *Faulkner et als.* v. *Folsom's Executors*, Id. 412. True, some doubt was cast upon the authority of these cases by the same Court in the case of *Fallon* v. *Butler et al.*, 21 Cal. 24. But the authority of *Fallon* v. *Butler* has also been very much weakened by the more recent decision in the case of *Ellis* v. *Polhemus*, 27 Cal. 350. I am therefore disposed to recognize the decisions in *Faulkner et als.* v. *Folsom's Executors*, as correctly announcing the general rule of law. I do not wish to be understood as holding that a Court of Equity has no jurisdiction in cases of this kind, but simply that as the allowance of a claim against the estate (where there are no necessary parties except the claimant and the executor) gives the creditor all the relief which a judgment would, the showing of that fact in their complaint, like the showing of a former judgment upon the same claim, would make the complaint bad on general demurrer.

The judgment of the Court below should therefore be affirmed.