ENRIQUE CATONI, Plaintiff and Appellee, *v.* CARMEN MARTORELL DE PRADO, Individually and as Representative of her minor children, Defendant and Appellant.

No. 4264. Argued February 10, 1928.—Decided May 31, 1928.

*Dubón & Ochoteco* for the appellant. *Juan B. Soto* and *C. M. Pesquera* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Enrique Catoni brought an action of debt against Carmen Martorell De Prado and her minor children to recover the sum of $5,000 evidenced by a promissory note payable to the plaintiff, or to his order, signed by the defendant and her husband, since deceased, and copied into the complaint, alleging that it had not been paid at maturity nor thereafter either wholly or in part.

The defendant appeared and demurred in the following terms:

"First.—That the complaint does not adduce facts sufficient to determine a cause of action.

"Therefore, they respectfully pray the court to render judgment dismissing the complaint, with costs, expenses and attorney's fees in this action against the plaintiff."

The defendant also moved that certain matters be stricken from the complaint.

On February 2, 1927, the court made a ruling which in its pertinent part reads literally as follows:

"Having heard and approved the stipulation of the parties, the court hereby—

"1.—Sustains in every particular the motion to strike out; and

"2.—Overrules the demurrer to the complaint, granting ten days to the plaintiff in which to amend his complaint and twenty days to the defendant in which to answer said amended complaint, it being understood that these periods shall be computed for both parties from the day on which they may be given notice of this ruling by the clerk of the court."

The stipulation referred to by the court does not appear in the record.

The plaintiff then filed an amended complaint into which the note sued on was again copied.

The defendant did not appear and the plaintiff moved that her default be noted. This was done by the clerk who, in compliance with subdivision 1 of section 194 of the Code of Civil Procedure, entered judgment in accordance with the prayer of the complaint.

At this stage the defendant took the present appeal. The only error assigned is as follows:

"The defendant-appellant assigns and alleges as the only error that the District Court of San Juan should have sustained the demurrer of lack of cause of action pleaded against the complaint herein."

Immediately in arguing the assignment the appellant invoked section 950 of the Code of Commerce and the jurisprudence of this Supreme Court established in the cases of *Hernández* v. *Muñiz,* 10 P.R.R. 16, *Rosaly* v. *Alvarado,* 17 P.R.R. 100, and *Fernández* v. *Ruiz Soler,* 27 P.R.R. 74.

Section 950 cited provides that actions arising from drafts shall extinguish three years after they have fallen due, should they have been protested or not, and that a similar rule shall be applied to drafts and promissory notes of commerce, to checks, stubs, and other instruments of draft or exchange, and to the dividends, coupons, and the amounts of the redemption of obligations issued in accordance with that code.

It is established by jurisprudence that promissory notes made payable to order and their endorsements are considered as mercantile notes and therefore it is presumed that they proceed from commercial transactions, unless the contrary is shown.

On that basis the defendant maintains that the judgment appealed from is without support for the reason that as the promissory note was signed on October 23, 1921, to mature on January 15, 1922, and the complaint was filed on July 29, 1926, the obligation had prescribed because more than three years had elapsed and therefore it had no legal force.

We have considered carefully the questions involved and in our opinion the judgment appealed from should be affirmed, in the first place, because when the plaintiff filed his amended complaint the defendant did nothing. She adopted an attitude of open default and the clerk was fully justified in docketing the judgment as he did. We know from the defendant that her only defense was prescription. That defense constitutes a personal privilege which is understood to be waived if not pleaded and therefore that defense being waived, what other conclusion could be reached than that judgment should be rendered for the plaintiff?

In the second place, even granting that the demurrer was effective as against the amended complaint, the same conclusion would be reached, for by its wording it did not raise the question of prescription.

In 1905 in the case of *Guzmán* v. *Vidal*, 8 P.R.R. 329, this court said:

"The California decisions lay down the rule that a' demurrer, in the language of the statute, to wit, that the complaint does not state facts sufficient to constitute a cause of action, cannot be held to reach the statute of limitations, and will be disregarded. In some of the cases the defendants attempted to avail themselves of the bar of the statute of limitations under this general objection. A defendant can only take advantage of the statute of limitations by pleading it specially, whether the pleading be by demurrer or by answer. Whenever the defense is in the nature of a special privi-

lege, of which the party can only avail himself by pleading it, then his pleading, whether it be by demurrer or answer, must clearly specify the grounds of his defense.''

It seems advisable to quote also from the opinion of the Supreme Court of California in *Burke* v. *Maguire,* 154 Cal. 456 as follows:

''It is urged that this point cannot be considered in this court on appeal because it is in the nature of matter in abatement, and the general demurrer merely states that this count 'does not state facts sufficient to constitute a cause of action against said defendant', without specifying this omission as the particular point in which it was claimed to be lacking. It was decided in this state very soon after the adoption of the Practice Act, which in this respect is the same as the present Code of Civil Procedure, that a general demurrer need not specify the particulars wherein the complaint failed to state facts constituting a cause of action, but that, if couched in the language above quoted, it would search the entire complaint, or the count thereof to which it was directed, for any and every failure to state a material fact. (*Ellison* v. *Halleck,* 6 Cal. 393; *Williamson* v. *Blattan,* 9 Cal. 501.) Afterwards in *Brown* v. *Martin,* 25 Cal. 91, an exception to this rule was made in cases where the bar of the statute of limitations appeared on the face of the complaint. Apparently, though not expressly, applying the familiar common law rule that the benefit of this statute is a personal privilege which is waived unless specially pleaded, the court, in that case, held that a general demurrer which did not specify the bar of the statute as the defect relied on was insufficient to present that objection. This precedent has been uniformly followed ever since, so far as the statute of limitations is concerned.''

In the third and last place, although it is true that the so-called privileged demurrers of lack of jurisdiction and of facts can be pleaded for the first time in this Supreme Court, that of lack of facts does not include prescription in a case of this nature.

The issue was raised and joined in the district court. The defendant did not plead well on the first occasion and on the second occasion failed to plead prescription. Her attitude implies the waiver of a privilege and viewed from the basis

of that waiver, the complaint is entirely sufficient, for it adduces all facts required to support the action and the judgment rendered.

By virtue of the foregoing the appeal must be dismissed and the judgment appealed from affirmed.