## HENTSCH v. PORTER (ADMINISTRATOR OF LYMAN MOWRY, DECEASED) et als.

There are six causes for which a demurrer may be interposed, under section forty of the Code, and unless a ground of demurrer be included under one or more of such causes, it can not be sustained.

A default admits only the facts alleged in the complaint.

A defective allegation of a fact may be cured by default or verdict; but not so the entire absence of any allegation whatsoever.

The non-presentation of a claim against the estate of a deceased person, to the administrator, will not deprive the District Court of jurisdiction over such claim.

The failure of the plaintiff to allege in his complaint in a suit on such claim, its presentation to and rejection by the administrator, is an objection that the complaint does not state facts sufficient to constitute a cause of action.

But the cause of action mentioned in the Code is a present subsisting cause of action, entitling the plaintiff to judgment at the time the action was commenced.

A defect which will defeat the plaintiff's present right to recover, in whole or in part, is a good ground of demurrer.

The non-presentation of the claim to the administrator is, in its nature and effect, nothing more than a matter of abatement. It defeats only the plaintiff's *present* right to recover, and such an objection to the complaint must be made for the first time in the Court below.

An objection to the complaint that defeats only plaintiff's *present* right to recover, must be made in the Court of original jurisdiction, during the term at which the judgment is rendered. But when the defects are of such a serious character as to show that plaintiff could not, at *any* time, obtain *any* judgment upon the cause of action alleged, then the objection may be made for the first time in the Appellate Court.

*On re-hearing.*—Where an administrator does not set up his privileges by demurrer or answer, but suffers judgment to go by default, it is a confession that he is properly sued.

Wherever the subject-matter of the plea or defence is, that the plaintiff can not maintain any action at any time, whether present or future, in respect of the supposed cause of action, it may, and usually must, be pleaded in bar; but matter which merely defeats the present proceeding, and does not show that the plaintiff is forever concluded, should, in general, be pleaded in abatement.

This Court will presume in favor of sustaining the judgment of the District Court, that proof was made of the disallowance of the claim by the administrator, which supplied the want of the averment to that effect.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

A sufficient statement of the facts to understand the points decided, appears in the opinion of the Court. The case was first decided at the July Term, but a re-argument was subsequently had at the October Term.

*Stow and Brown* for Appellant.

The complaint in this case is radically defective, because :

1. The action is to foreclose a mortgage.

2. The mortgagee, at and before the commencement of the action, was dead.

3. It is not averred in the complaint that the claim sought to

be enforced in this action had been presented to the executor or administrator, and rejected by him.

4. It is not averred, in the complaint, that there was an administrator.

Without such an averment, the action could not be maintained, and the Court had no jurisdiction to render judgment. Ellissen v. Halleck, 6 Cal. R., 386 ; Harwood v. Marye et al., 8 Cal. R., 580.

The statute is, "no holder of any claim against an estate shall maintain an action thereon unless," etc.

Now, if the statute is prohibitory, as is said in Ellissen v. Halleck, the Court below had no power to render judgment on this complaint, and when an express and prohibitory statute is violated by the Court (or clerk) in perfecting judgment, such judgment should be reversed. 1 Cal., 478 ; McCann v. The County of Sierra, 7 Cal. R., 121.

But it may be said that this Court will presume that proper proof was offered in the Court below to authorize and uphold the judgment. We answer, " Proof of that which is not alleged in the declaration, will not authorize a judgment." Richardson v. Talbot, 2 Bibb Kentucky R., 382. " Nor a decree in a Court of Equity." Same pages ; Palmer v. Lorillard, 18 John. R., 352. In Connor v. Price, 1 Bibb, the Court say, " the testimony must be limited to the points made in the pleadings, and, so far as it goes to support any point not contested or brought into view by the pleadings of the parties, it is irrelevant, and ought to be rejected."

" Evidence, to be legal and to merit the attention of a Court, must be relevant, and illustrative of some point made by the pleadings." Moreland v. Prather & Co., same, 316 ; McKinney v. McConnell, same, 242.

This question can be raised by appeal. In Raynor v. Clarke, 3 Code Reporter, 230, the Supreme Court of New York held that an appeal might be taken from a judgment entered by the clerk for want of an answer, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

And such an appeal is expressly sanctioned by this Court. Voorhies' Code, note to § 348 ; Dorente v. Sullivan, 7 Cal. R., 279 ; Stevens v. Ross, 1 Cal. R., 97 ; 2 Cal. R., 86 ; and see a decisive case before codes became popular, 18 Johnson, 353, 354.

If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the Court, and the objection that the complaint does not state facts sufficient to constitute a cause of action. Practice Act, § 45 ; 2 Cal. R., 86, 87 ; 3 Selden N. Y. R., 464–5.

*Janes, Doyle, Barber & Boyd,* for Respondents.

1. We contend that there is no error apparent on the record.

Hentsch v. Porter.

The decision in the case of Ellissen v. Folsom's Executors, is not an authority decisive of the question presented by this appeal. The decision there was on a demurrer to the complaint, in consequence of the omission of any averment of presentment of the demand to the executor.

In the present case, the defendants have allowed judgment to be taken against them, without objection, which they now seek to set aside, because it does not expressly appear thereon that the note and mortgage were presented to the administrator before suit brought.

It is familiar law, that many defects or omissions in pleading to which objection might have been taken by demurrer, are deemed waived after judgment; every presumption and intendment being in favor of the correctness of the judgment. Stephen on Pleading, 147, 149; Gould's Pleading, 496; 1 Barbour's Ch. Practice, 395.

The omission to present does not go to the " cause of action," which is sufficiently stated on the record, but to the regularity of the commencement of the suit. 1 Sand. R., 228.

2. After judgment, it will be presumed that all the essential preliminaries to a right of action were observed and complied with.

The Supreme Court of Texas, " whose statutes on the settlement of the estates of deceased persons closely resemble our own," has decided this very point adversely to appellant's case.

In Dawzey v. Swinney, 7 Texas, 624, the plaintiff commenced proceedings in the Probate Court to enforce the payment of a note and mortgage which he held against the decedent. There was no averment that the claim had been presented to the Judge for his approval, as required by the statute, antecedent to the application for the sale of the mortgaged property.

The Court say, " That this is essential to support the claim, is admitted; but, nevertheless, in the Probate Court, it is not a necessary averment, because it may be proven, though not averred."

BURNETT, J., delivered the opinion of the Court.

This was a bill to foreclose a mortgage against the defendant, administrator of Lyman Mowry, deceased, Mary A. Mowry, his widow, and L. Sawyer, who claimed some interest in the mortgaged premises. The defendants were regularly served, and made default, and a decree was taken for a sale of the mortgaged premises, and a judgment over against the administrator for the deficiency, if any, and for costs. From this decree, the defendants appealed.

The learned counsel for the defendants rely upon the fact that there is no allegation in the complaint that the claim was presented to the administrator, and rejected by him before the com-

mencement of this suit, and they insist that this defect is not cured by the default of the defendants.

In support of their position, the learned counsel for the defendants rely upon the decision of this Court in the case of Ellissen *v.* Halleck and others, (6 Cal. Rep., 386.) In that case, the plaintiff prayed judgment for the sale of the mortgaged premises, and a judgment over against the executors for the deficiency and for costs. To the complaint, the defendants demurred upon two grounds : *first,* that the Court had no jurisdiction, either of the persons of defendants or of the subject-matter; and, *second,* that the complaint did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the District Court, and the judgment was affirmed in this Court, on appeal. The defect in the complaint, in that case, was the same as the defect in this.

As, by section thirty-seven, all the forms of pleadings, and the rules by which their sufficiency shall be determined, are those prescribed by the Code, we must first look to it to solve all difficulties of this character. (Mayhew *v.* Robinson, 10 How. Pr. R., 166.) There are six causes for which a demurrer may be interposed, under section forty of the Code; and, unless the alleged defect can be included under one or more of these, a demurrer can not be sustained. (Richards *v.* Edick, 17 Barb. S. C. Rep., 262.) It must be conceded that, if the failure to allege the presentation and rejection of the claim be demurrable at all, it must fall under the objection, either to the jurisdiction of the Court, or that the complaint does not state facts sufficient to constitute a cause of action. It can not be classed with any of the other causes of demurrer mentioned in the section. It would also seem to be true, that if the presentation and rejection of the claim be a condition precedent to bringing the suit, the fact must be affirmatively alleged in the complaint. The fact, from its nature, is one which the plaintiff must prove, if denied. The defendant could not be expected to prove a negative, To enable the defendant to deny the fact, it must be affirmatively alleged in the complaint. Under section forty-six, the answer can only contain two classes of defences : *first,* a *denial* of the allegations of the complaint; and, *second,* a statement of any *new* matter constituting a defence. This new matter is affirmative, and the *onus* of proof to sustain it is thrown upon the defendant. (Mayhew *v.* Robinson, 10 Howard's Prac. Rep., 166.)

We think it must also be conceded that the defect, if any, is not cured by default. As it must fall under the fifth or sixth head of section forty, the objection is not waived by a failure to demur. (§ 45.) And as a default admits only the facts alleged in the complaint, and as no proof is required to prove facts outside the record, except to ascertain the *quantum* of damages in proper cases, we can not presume that proof was made of the

presentation and rejection of the claim.  By the copy of the complaint, the defendant is informed of all the facts, and the only facts the plaintiff intends to prove if denied.  Those he admits by his default, but no more.  A defective allegation of a fact may be cured by default or verdict, but not the entire absence of any allegation whatever.  (Garner v. Marshall et al., 9 Cal., 268.)

In the case of Ellissen v. Halleck and others, it was held that "the non-presentation was not a matter of avoidance, only to be taken advantage of by plea."

It was not, however, decided in that case whether the objection was to the jurisdiction of the Court, or that the complaint did not state facts sufficient to constitute a cause of action.  It was only expressly decided that the objection could be taken by demurrer.                                                              •

We are clearly of opinion that the objection does not go to the jurisdiction of the Court.  In the case of Belloc v. Rogers, (9 Cal., 123,) we held that the Constitution conferred the jurisdiction upon the District Courts, and that this jurisdiction could not be divested by the act of the Legislature.  And we are also of opinion that the provisions of the Probate Act, requiring the presentation and rejection of the claim, does not, in any way, interfere with the exercise of this jurisdiction.  This provision of the Probate Act requires the presentation and rejection of the claim, as a condition precedent, to fix the liability of the administrator for the costs of a regular suit in the District Court.  Until the claim has been rejected, after it has been properly verified and presented, the administrator is not liable for the costs of a suit.  It is the duty of the administrator to protect the estate against all unjust claims as well as costs.  It is not, therefore, in the power of one creditor to subject the common fund to unnecessary burdens.  If he can procure all the relief he asks, by a simple presentation of his claim, then there is no necessity for him to go into the District Court.

The main intent of this provision is to protect the estate from the costs of unnecessary litigation.  The great mass of claims against estates are simple and certain, and, therefore, capable of speedy and satisfactory adjustment without suit.  The claimant must present his claim properly verified, that the administrator and the Probate Judge may determine whether they will allow or reject the claim.  If the claimant does not thus present the claim, he can maintain no action thereon against the administrator.  (Wood's Digest, 404, § 136.)

The failure to allege the presentation and rejection of the claim must be considered as an objection that the complaint does not state facts sufficient to constitute a cause of action.  The cause of action mentioned in the Code, is a present subsisting cause of action, entitling the plaintiff to judgment, at the

time the action was commenced. (Mayhew v. Robinson, 10 How. Pr. R., 166.) Any defect apparent upon the face of the complaint, which will defeat the present right to recover, in whole or in part, would be good ground of demurrer. If, for example, a suit were brought upon a promissory note, before due, and the fact was apparent upon the face of the complaint, the defendant could demur, for the reason that the complaint does not state facts sufficient to constitute a cause of action. For such a cause the defendant could demur at common law. (1 Ch. Plea., 453.)

It would seem to be true that, under our system, any objection that may be taken by answer may be taken by demurrer. Whether or not the objection be apparent upon the face of the complaint, the objection itself is still the same. The *mode* of taking advantage of the error, only, is different in the two cases. It was not so in all cases, under the. former system, as some matters had to be specially pleaded, though the defect was apparent upon the face of the declaration; as, for example, usury. (1 Ch. Plea., 484.)

While it is true that "the non-presentation was a matter of avoidance, *only* to be taken advantage of by *plea*," as decided by this Court, in Ellissen v. Halleck, it is still, in its nature and effect, nothing more than a matter of abatement. It defeats only the present right to recover. After the suit of the claimant has failed in the District Court, because of the non-presentation of the claim, he may afterwards present the same to the administrator, if the time limited by the statute has not expired; and, if rejected, he may then bring his suit, and the former judgment can not be pleaded in bar. If these views be correct, the defendants could have demurred to the complaint, because it did not state facts sufficient to constitute a present cause of action, and the failure to demur did not waive the defect. But, although section forty-five provides that a failure to demur for the first and sixth causes stated in section forty does not waive the objection, it nowhere states any time or mode in which the objection must be afterwards taken.

In the case of Burnham v. De Bevorse and others, (8 How. Pr. Rep., 160,) it was held that the objection might be raised whenever the parties were before the Court, either at special term, or by motion on the trial, or by motion in arrest after verdict. In the case of Higgins v. Rockwell, (2 Duer, 653,) it was held that the objection could be taken at the trial. The same decision was made in the case of Montgomery County Bank v. Albany City Bank, (3 Selden, 464.) In the case of Gould v. Glass, (19 Barbour's S. C. R., 186,) it was held that the defendant was not bound to demur, but that the objection could be taken at any other stage of the case. And in the case of Raynor v. Clark, (3 Code Rep., 231,) the Court said that, for such a

"defect in a complaint, under the Code, the defendant may appeal from the judgment to the general term."

It was a rule, under the former system, that for defects of a *substantial* nature, as where the declaration did not state facts sufficient to constitute a cause of action, the defendant might move in arrest of judgment, or sustain a writ of error. (1 Ch. Plea., 662; 1 Caines, 104; 3 Code Rep., 231.)

But the objection that the claim has not been presented and rejected, would not be classed with those substantial defects for which a writ of error would lie at common law. It is matter which defeats the suit for the time being, but does not show that the claimant could not maintain *any* action, at *any* time, for the *same* cause of action. For this defect, under the former system, the defendant would be compelled to demur, or plead. in abatement. (1 Ch. Plea., 440, 445.) But, under our system, he is not compelled to demur or plead. Our Code has been *so framed* that the objection *must* be classed under the sixth subdivision of section forty.

It does not, however, follow, from this fact, that the defendant could appeal when he fails to make the objection in the Court below. As there are some matters of abatement, which, if apparent upon the face of the complaint, must fall under the sixth clause of demurrer, and are, therefore, not waived by a failure to demur—and as the Code specifies no time and mode in which the objection may be afterwards made—and as, at common law, and from the nature and reason of the case, a writ of error could not be sustained for such a defect in the declaration, it would seem but just and proper to make a distinction between matters going only to the present right to recover, and those that go to the ultimate merits of the action. Where the objection, if true, would only defeat the present right to recover, the defendant, though not compelled to demur or answer, should be obliged to make the objection, by motion or otherwise, before the Court of original jurisdiction, during the term at which the judgment was obtained. But where the defect in the complaint is of such a serious character as to show that the plaintiff could never, at *any* time, obtain *any* judgment upon the cause of action alleged, then the defendant should be allowed to make the objection for the first time in the Appellate Court. This view, we think, is consonant with reason and authority.

Under the view we have taken, the defendants should have made their objection in the Court below; and, having failed to do so, the judgment must be affirmed.

FIELD, J.—I concur in the judgment of affirmance, but upon grounds different from those stated in the opinion of Mr. Justice Burnett.

The following opinion was delivered, on re-argument, by BALDWIN, J.—TERRY, C. J., and FIELD, J., concurring.

The appellant contends that the case of Ellissen v. Halleck, (6 Cal., 386,) is decisive of this case. There, however, the objection was taken by demurrer. Here the record shows no answer by the administrator. On the contrary, a stipulation appears in the record, signed by the attorney for the plaintiff, and Nathan Porter, "attorney for the widow," consenting to a decree upon certain terms; and the decree was entered accordingly. We think it clear that the failure to aver this presentment is not such a fatal objection to the complaint as to make judgment by. default a nullity, or reviewable on appeal. The administrator, it is true, could only be sued in a given event; but it is, to say the least, very questionable, notwithstanding the ruling in Halleck v. Ellissen, whether this matter be not matter of abatement; at all events, we feel no hesitation in holding, in cases where the administrator does not set up his privilege by demurrer or answer, but suffers judgment to go by default, that this is a confession that he is properly suable. Wherever the subject-matter of the plea or defence is, that the plaintiff can not maintain any action at any time, whether present or future, in respect of the supposed cause of action, it may, and usually must, be pleaded in bar; but matter which merely defeats the present proceeding, and does not show that the plaintiff is forever concluded, should, in general, be pleaded in abatement. (1 Chitty Plead., 446.)

The case of J. L. Hunt v. Porter, administrator, decided at the October Term, 1856, sustains this view. The Court say : "The assignment of error here is not supported by the decision of Ellissen v. Folsom's Executors, at this term. In that case, there was a demurrer to the declaration, and we held the demurrer to be well taken. In this case, the objection to the declaration comes too late. It must be presumed, in favor of sustaining the judgment of the District Court, that proof was made of the disallowance of the claim by the administrator, which supplied the want of the averment to that effect."

Judgment affirmed.