WILLIAM T. COLEMAN, HENRY CARLTON, JR., AND EDWARD MOTT ROBINSON, v. ·F. A. WOODWORTH AND C. W. HOWARD, ADMINISTRATORS OF THE ESTATE OF CHARLES DOANE, DECEASED.

| 28 | 567 |
| 77 | 188 |
| 28 | 567 |
| 85 | 561 |
| 28 | 567 |
| 108 | 483 |
| 28 | 567 |
| 124 | 574 |

ACTION AGAINST ADMINISTRATOR FOR TORT OF INTESTATE.—A cause of action for the wrongful taking and conversion of personal property survives against the personal representatives of the wrongdoer after his decease.

PRESENTATION OF CLAIM TO ADMINISTRATOR.—An objection that a claim against the estate of the intestate has not been presented to the administrator for allowance or rejection, if not made in the Court below, cannot be raised in the Supreme Court.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Charles Doane was Sheriff of the City and County of San Francisco, and as such, an execution on a judgment in favor of N. C. Lane and against Harvey Dickinson was placed in his hands. By virtue of the execution, Doane seized personal property claimed by plaintiffs, and they brought an action against him for the wrongful taking and conversion of the same. Pending the action Doane died, and plaintiffs' attorneys suggested his death, and moved that his administrators .

be substituted as defendants in the action.   The Court granted the motion, defendants' counsel excepting.

Plaintiffs recovered judgment in the Court below, and defendants appealed.

The other facts are stated in the opinion of the Court.

*Jabish Clement,* for Appellants.

The rule of law is, that where the wrongful act of the decedent did not result in any benefit to the estate, no cause of action survives against the administrator.   This rule is laid down, and all the previous authorities upon the subject are cited and discussed in *People* v. *Gibb,* 9 Wend. 30.   To the same effect are *Wilbur* v. *Gilmore,* 21 Pick. 252 ; *Osborne* v. *Bell,* 5 Denio, 370–76.

*George F. & Wm. H. Sharp,* for Respondents.

By the Court, SANDERSON, C. J.

I. The first point made by counsel for appellants, to the effect that the cause of action set forth in the complaint does not survive against the personal representative of the defendants' intestate, is answered by the one hundred and ninety-seventh section of the Act to regulate the settlement of the estates of deceased persons, which provides that " any person or his personal representatives shall have an action against the executor or administrator of any testator or intestate who in his lifetime shall have wasted, destroyed, taken or carried away, or converted to his own use the goods or chattels of any such person, or committed any trespass upon the real estate of such person."

II. The second point, to the effect that no proof was made of the presentment of the claim to the defendants for their allowance or rejection, as provided in the one hundred and thirty-eighth section of the Act to regulate the settlement of the estates of deceased persons, is answered by the case of *Hentsch* v. *Porter,* 10 Cal. 555, where it was held that the objection

in question must be made in the Court below, and cannot be made for the first time in this Court. It does not appear from the record that the defendants, either at the trial, or on the motion for a new trial, in any form objected to a recovery on that ground. For the reasons stated in *Hentsch* v. *Porter*, the objection cannot be entertained by us.

We cannot disturb the judgment upon the ground that the verdict is against the weight of evidence. Upon the question of title the evidence was conflicting, and we think it was fairly submitted to the jury by the instructions of the Court.

Judgment affirmed.

Mr. Justice SHAFTER expressed no opinion.