## WALL *v*. DODGE ET AL.

THE JUDGMENT OF AN APPELLATE COURT REVERSING THE JUDGMENT OF THE COURT BELOW AND DISMISSING THE ACTION is the final judgment in the case, and is as effective before being certified to the lower court as after. When such judgment of dismissal is made, the court from which the appeal is taken can take no further proceedings in the cause.

WHERE AN ACTION IS DISMISSED FOR WANT OF JURISDICTION, costs can
not be awarded to the prevailing party, in the absence of a statute author-
izing it.

REVERSAL OF JUDGMENT—RESTITUTION ON.—Plaintiff recovered judgment
for costs against defendants in the lower courts, upon which execution
issued preceding an appeal by defendants, no *supersedeas* bond being
filed. To satisfy the execution, certain mining property of the defend-
ants was sold, plaintiff becoming the purchaser. Lubbock, as subse-
quent purchaser from defendants of the property thus sold, redeemed
from the sale, after which the judgment upon which the execution
issued was reversed on the appeal; thereupon the lower court, upon
motion of the defendants, ordered the plaintiff to pay into court the re-
demption money. *Held*, error; the plaintiff had received nothing from the
defendants which was the subject of restitution under section 337 of the
practice act; and the motion could not be made in behalf of Lubbock, a
stranger to the action.

APPEAL from the second district court. This action was
brought by the plaintiff, in the second district court, for the
sole purpose of obtaining an injunction restraining the de-
fendants from mining in or removing ores from the Kinner
mining claim, owned by the plaintiff.

The defendants, owners of the Neutral mining claim, by
answer, set up that the ground from which they were taking
and threatening to take ores was a part of that mining
claim ; that the boundary line between the two claims, which
adjoined each other, was in dispute, and the prayer, among
other things, was to have this boundary line and their title to
said mining claim settled.

On the trial, the whole question as to the title of the respec-
tive parties and the boundary line between the two claims
was gone into. By the decree an attempt was made to defi-
nitely settle the respective rights of the parties. Both par-
ties were enjoined, each from working in certain described
ground. And it was further ordered and adjudged that the
plaintiff should have and recover costs to the amount of one
thousand and thirty-four dollars and sixty-five cents. Both
parties took an appeal to this court. On the hearing on the
appeals, this court, on the twenty-eighth day of February, 1880,
reversed the decree and judgment of the lower court, and
at the request of the defendants' counsel, dismissed the case,
without sending an order down to the lower court for that
·purpose.

Pending the appeals, no *supersedeas* bond having been filed

by either party, the plaintiff caused an execution to issue on his judgment for costs, and caused the same to be levied on the said mining claim of the defendants, and on the twentieth day of August, 1879, bought the same at a sale under said execution for the sum of one thousand one hundred dollars and forty cents.

About the first of November, 1879, the defendants sold and conveyed said Neutral mining claim to one H. S. Lubbock. On the sixth day of February, 1880, said Lubbock, as grantee of the defendants, redeemed said mining claim from the execution sale by paying to the plaintiff the sum of one thousand two hundred and sixteen dollars and eighty-six cents.

After the judgment of reversal and dismissal entered in the supreme court had been certified to the district court, on the twelfth day of July, 1880, the latter court, on motion of defendants' counsel, based on the affidavit of Lubbock, setting out his purchase and redemption as above stated, taxed the defendants' costs at the sum of one thousand dollars, and gave them an execution therefor against the plaintiff, and further ordered the plaintiff within thirty days to pay to the clerk of the court or to the defendants' attorneys the sum of one thousand two hundred and sixteen dollars and eighty-six cents, the amount paid to him by said Lubbock. From this order, and the judgment awarding costs to the defendants and execution therefor, the plaintiff prosecutes this appeal.

*Bennett & Harkness,* and *P. Denney,* for the appellant.

*Sutherland & McBride,* for the respondents.

EMERSON, J.:

The judgment of the supreme court was an actual dismissal of the cause, and was as final and effective before its action was certified to the district court as it was after: *Reynolds* v. *Hosmer,* 45 Cal. 628. At the time this motion was made the case was not in court; it had been dismissed and thus terminated. If the judgment had been reversed, and the case remanded with directions to dismiss it, the judgment of this court being upon the ground of a want of jurisdiction in the lower court, that court could not properly render judgment

for costs, there being no statute authorizing it: *Felt* v. *Felt,* 19 Wis. 193; *Blackwood* v. *Jones,* 27 Id. 498.

The court evidently treated the proceeding on this motion as one for restitution, and costs incurred by the defendants in the course of the litigation and not received by the plaintiff would not be within the purview of such relief.

The court below had no jurisdiction to make the order in relation to the payment of the one thousand two hundred and sixteen dollars and eighty-six cents, for, as above stated, there was no action pending in which such a proceeding could be had.

The order could not have properly been made even if this court had remanded the case for further proceedings. If the sale was valid at the time it was made, the plaintiff in the execution having become the purchaser, it was liable to be set aside upon a reversal or modification of the judgment of this court, in accordance with section 337 of the practice act, or by the court below if the case had been remanded and restitution made to the defendants of the thing lost in specie. If the property had come into the hands of a *bona fide* purchaser, so that it could not be restored in specie, they would be left to this action for damages or compensation: *Farmer* v. *Rogers,* 10 Cal. 555; *Reynolds* v. *Harris,* 14 Id. 668. But the court can not properly give damages or compensation on a motion, as was done in this case.

It is evident this motion was made in the interest and for the benefit of Lubbock. His affidavit fails to show how the defendants had lost anything or been in the least damnified. They have not paid the plaintiff anything, and he holds nothing received from them. Lubbock is a stranger to the action, and this motion can not be made by him or in his behalf. Whether he may not have relief by some other form or proceeding we are not called upon to determine.

The judgment of the court below is reversed, and the order is set aside and held for naught.

HUNTER, C. J., and TWISS, J., concurred.