[No. 7,165.—Department Two.]

## J. E. CHASE *v.* MARY J. EVOY.

NEW TRIAL—STATEMENT—DISMISSAL OF MOTION.—The defendant's attorneys, upon receiving notice of the decision of the Court against them, and before the filing of the findings, served and filed a notice of intention to move for a new trial, but did not file a statement until more than forty, days thereafter, and the Court upon that ground dismissed the motion for want of prosecution.

*Held,* That as the motion could never be heard there was no error in dismissing it, although an order denying the motion might have been equally proper.

COMPLAINT— PLEADING— UNCERTAINTY—DEMURRER—DEFECTS IN PLEADING CURED BY JUDGMENT—ACTION AGAINST ADMINISTRATOR.—In an action against an administratrix, the complaint alleged that the plaintiff duly presented her claim to the defendant as administratrix, which claim contained a copy of said promissory note, and was duly verified by the oath of the plaintiff in the form prescribed by law.

*Held,* That if any objection could be raised to this averment, it was that it was not sufficiently definite and certain, and that this defect could not

be taken advantage of by a general demurrer, and *a fortiori* would not
be fatal to a judgment for the plaintiff in the absence of any demurrer or
averment in the answer that the claim was not supported by proper
evidence.

COUNTERCLAIM—SURETY—DEFENSE.—In the same action (being upon a
joint and several promissory note executed by C., B., and E., the de-
fendant's intestate), the defendant pleaded that E. and B. signed a note
as sureties of C.; and that after the execution of the note and prior to
the commencement of the action, the plaintiff became indebted to C. in
the sum of two thousand and fifty dollars and sixty-seven cents, and
that upon a suit being threatened by the plaintiff against B., C. had
transferred to B., for the benefit of himself and his co-surety, the said
debt, in order that it might be pleaded as a counterclaim.  Thereupon
the Court made an order that C. and B. should be permitted to appear
and file answers in the action, which they did; but afterwards, in its con-
clusions of law, the Court held that C. and B. were not necessary parties,
and rendered judgment against the defendant for the full amount of the
note.

*Held,* That the facts pleaded did not constitute a counterclaim in favor of the
defendant; *held,* further (admitting that the judgment could not be sus-
stained, if C. and B. were in any sense parties to the action), that they
had never become parties, and that, although the proceedings had in re-
gard to them were irregular, they did not constitute error of which the
appellant could complain.

APPEAL from a judgment for the plaintiff in the Third
District Court, County of Alameda, MCKEE, J., and from an
order dismissing a motion for a new trial in the Superior
Court of Alameda County, CRANE, J.

A petition for hearing in Bank in this case was filed after
judgment, and denied.

The facts referred to in the opinion of the Court were
pleaded both as a defense and a counterclaim.  The argument
of Appellants' attorney is covered by their petition for re-
hearing, and is therefore omitted.

*W. H. & J. R. Glasscock* and *Moses G. Cobb,* for Appellants.

The objection to the complaint is, that it fails to show due
presentation of the claim to the defendant, administratrix.
The Department holds the case of *Hentsch* v. *Porter,* 10 Cal.
555, to be conclusive of this case on this point.  The defend-
ant respectfully submits, that the Hon. Court overlooked, in
its determination of this point, the recent cases of *Rhoda* v.
*Alameda County,* 52 Cal. 350, and *Judah* v. *Fredericks,* 57

id. 389, or else has failed to give due consequence to the principle settled in these cases.

All the facts, which show a due presentation, must be specifically averred, so that the Court can determine whether the required conditions have been complied with or not. (*People* v. *Jackson,* 24 Cal. 630; *Rhoda* v. *Alameda County,* 52 id. 350; *Dye* v. *Dye,* 11 id. 167; *Himmelman* v. *Danos,* 35 id. 441.) The defendants, Cobb and Briggs, were ordered to appear in the case, as defendants, by the Court, at the instance of the defendant, administratrix, and from the matters set up in her answer. And, though it is not stated in the record, yet the Court will presume it was on the ground that "a surety is entitled to the benefit of every security for the performance of the principal obligation held by the creditor or co-surety, at the time of entering into the contract of suretyship, or acquired by the creditor or co-surety afterwards, whether the surety was aware of the security or not." (Civ. Code, § 2854.) In this connection, the defendant, administratrix, had a right to show that the relation of her intestate to the plaintiff was one of suretyship, and this known to the plaintiff. (Civ. Code, § 2832.) The matters set up by the defendant, administratrix, constituted an equitable defense, and was not strictly a counterclaim, under § 438 of Code Civ. Proc., though so called by the defendants. Under our system of remedial jurisprudence, the Court can grant, and is bound to grant, any and every relief, under the case made, to which the parties may be entitled. (Code Civ. Proc., § 580; *Rollins* v. *Forbes,* 10 Cal. 299; *Truebody* v. *Jacobson,* 2 id. 269; *Savings and Loan Society* v. *Thompson,* 34 id. 78; 3 Wait's Pr. 607.) The Department, by its late decision in this case, holds that the order of the Court below, dismissing the defendant's motion for a new trial before any statement had been settled, etc., was correct. The defendant submits that this decision directly overrules the cases of *Quivey* v. *Gambert,* 32 Cal. 304; *Morris* v. *De Celis,* 41 id. 331; *Lucas* v. *Marysville,* 44 id. 210; *Smith* v. *Davis,* 55 id. 26; and other cases heretofore decided by this Court, and is undoubtedly inadvertently made.

*George W. Tyler,* for Respondent.

SHARPSTEIN, J.:

The appellant in her notice of appeal states that she " appeals from the judgment rendered against her    *    *    *    on the 17th day of October, 1879, and from the judgment therein made and entered up in the said Court, on the 20th day of December, 1879, in favor of the plaintiff and against her in said action    *    *    *    and also from the order    *    *    * made on the 6th day of February, 1880, dismissing the defendant's motion for a new trial."

This constitutes a notice of appeal from a judgment entered December 26th, 1879, and from an order made February 6th, 1880. We will first consider the appeal from the latter.

On the 27th day of October, 1879, the attorneys of appellant served upon the attorney of the respondent a notice of motion for a new trial, in which it was stated that the motion would be made on a statement of the case thereafter to be settled and filed.

On the 15th day of December, 1879, a clerk in the office of one of the appellant's attorneys took a statement on motion for a new trial in said action, prepared by said attorney, to the office of respondent's attorney of record, who took it, looked it over, and then returned it to said clerk, " saying that he would not receive it; that it was out of time, or that defendant's time was out." On the next succeeding day the same clerk took said statement to W. M. Francis, Esq., one of the attorneys of the plaintiff who tried the case. He took the statement but refused to receipt for it, " as he believed the defendant's time for filing was up, or words to that effect." It was left with him and remained in his office until February 4th, 1880, when it was returned to the attorney who prepared it. The judge thereupon refused to settle it, and afterwards dismissed the motion for a new trial.

A party moving for a new trial upon a statement of the case must, within ten days after service of the notice, or within such further time as the Court or Judge may allow, not exceeding thirty days without the consent of the adverse party, prepare a draft of the statement and serve the same or a copy thereof upon the adverse party.

The notice of motion for a new trial was served on the 27th

of October, 1879, and no attempt was made to serve a draft of a statement of the case or a copy thereof upon the adverse party until the 15th day of December, 1879, which was more than forty days after the notice of the motion for a new trial had been served. The attempt to serve the draft of the statement upon an attorney other than the attorney of record after the latter had refused to receive it, is an immaterial circumstance. And it is likewise immaterial whether the notice of the motion for a new trial was served earlier than it need to have been. No other notice ever was served, and the time within which the code requires service of statement to be made commences to run from the date of service of such notice.

As the motion could only be heard upon a statement of the case, and no draft of one had been served within the time prescribed by the code, we do not think that the Court erred in dismissing the motion for want of prosecution, and we are not prepared to say that under the circumstances this was not an appropriate order to make, although an order denying the motion might have been equally proper. As the motion could never be heard, we think there was no error in dismissing it.

Upon the appeal from the judgment, in the absence of any statement or bill of exceptions, we are not permitted to go outside of the judgment roll. The complaint was not demurred to, and if it states facts sufficient to constitute a cause of action of which the Court had jurisdiction, it is sufficient.

But the appellant insists that it does not state facts sufficient to constitute a cause of action, because, as he says, " it fails to show due presentation of the claim to the administratrix" of the estate of the deceased maker of the note sued on. In support of this objection, it is urged that there is no sufficient allegation that the claim presented was supported by an affidavit of the claimant. The allegation is that the claim " was duly verified by the oath of plaintiff in the form prescribed by law." The law requires that " every claim which is due, when presented to the executor, or administrator, must be supported by the affidavit of the claimant   *   *   *   *   that the amount is justly; that no payments have been

made thereon, which are not credited, and that there are no offsets to the same, to the knowlege of the affiant." (Code Civ. Proc., § 1494.)

We think that the most serious objection that could be raised to the averment, is that it is not sufficiently definite and certain, and that defect, if it be one, could not be taken advantage of by general demurrer and *a fortiori* would not be fatal to a judgment rendered in favor of the plaintiff in the absence of any demurrer to the complaint, or averment in the answer that the claim was not supported by a proper affidavit. In *Hentsch* v. *Porter*, 10 Cal. 555, this Court said, all the justices concurring: " We think it clear that the failure to aver this presentment (of a claim against the estate of a deceased person to the administrator), not such a fatal objection to the complaint as to make judgment by default a nullity or reviewable on appeal." (Cited and approved in *Coleman* v. *Woodworth*, 28 Cal. 567; *Bank of Stockton* v. *Howland*, 42 id. 129, 134.) In *Hunt* v. *Porter*, decided at the October term, 1856, it was held that an objection of this character, if first raised in this Court, came too late. The correctness of the decision in *Ellissen* v. *Halleck's Executors*, 6 Cal. 386, to the effect that such an objection may be raised by a general demurrer, is doubted in *Hentsch* v. *Porter*, 10 id. 533.

It is claimed that the Court erred in not finding upon all the material issues raised by the pleadings.

1. It is alleged in the answer that the defendant's intestate signed the note with his co-maker Cobb for the accommodation of the latter, and that the plaintiff knew it. How that could be material we are not advised, and cannot therefore reverse the judgment for want of a finding of the fact, one way or the other.

2. The defendant by way of counterclaim avers that prior to the commencement of this action the plaintiff was indebted to M. G. Cobb in the sum of two thousand and fifty dollars and sixty-seven cents, and that said Cobb on the 14th day of April, 1873, and prior to the commencement of this action, assigned said indebtedness to G. G. Briggs, a co-maker with said Cobb and defendant's intestate, of the note sued on in

this action, for the benefit of said Briggs and defendant's intestate. The assignment is alleged to have been made after the death of said intestate.

The test by which it may be determined whether this was a counterclaim is a very simple one. A counterclaim must be one existing in favor of the defendant and against the plaintiff. (Code Civ. Proc., § 438.) In this case it would have to be a claim which constituted a right of action in favor of the defendant and against the plaintiff at the time of the commencement of this action. (Id.)

It is too plain to admit of argument that the defendant could not, as administratrix, or, in her own individual right, have maintained an action against the plaintiff in this action upon a claim assigned some time after the death of defendant's intestate to Briggs for his and said intestate's benefit. The allegations in respect of said supposed counterclaim raised no issue upon which to base a finding.

3. Some time after the cause was at issue, as between the original parties to the action, the Court made an order, based upon the supposition that the said Cobb and Briggs were necessary parties to the action; that they should be permitted to appear and file answers therein, which they did. As the promise to pay was joint and several, it was optional with the holder of the note to sue the makers of it jointly or severally. She elected to sue them severally, and it was, therefore, a mistake to hold that all the makers were *necessary* parties in an action commenced against one of them.

Among its " conclusions of law" the Court inserted the following :

" First. That said G. G. Briggs and M. G. Cobb, or either of them, are not necessary or proper parties to a complete determination of the question involved in this action, and the plaintiff's attorney so demanding, that the said order permitting them to be parties, and to answer, is vacant.

" Second. That the counterclaim or set-off set forth in the answers of said M. G. Cobb and G. G. Briggs, or in either of said answers, is not an offset or counterclaim to plaintiff's demand in this action."

Whether C. and B. had a sufficient interest in the success of the defendant to enable them to intervene in the action,

need not now be decided.   The right to intervene is purely statutory, and the statute prescribes the mode of exercising it. An intervention is made by the complaint, setting forth the grounds upon which the intervention rests, filed by leave of the Court, and served upon the parties to the action, who may answer or demur to it as if it were an original complaint. (Code Civ. Proc. 387.)

The judgment in this case can be sustained only on the ground that Cobb and Briggs were not in any sense parties to the action.   If they were, it was error to vacate the order which permitted them to file answers in the action, and not to find upon the issues which said answers raised.   Our conclusion is, that they never became parties to the action, and that, although the proceedings had in regard to them are clearly irregular, they do not constitute error of which the appellant can be heard to complain.   It is impossible to perceive that she was in any way prejudiced by such irregularity. On the whole, we are unable to discover any error in the record for which the judgment should be reversed.

Judgment affirmed.

THORNTON, J., and MYRICK, J., concurred.