[No. 12480. In Bank.—March 1, 1890.]

ABEL BUNNEL, RESPONDENT, *v.* ANNIE E. STOCK-TON ET AL., APPELLANTS.

NEW-TRIAL STATEMENT — EXTENSION OF TIME. — When the judge has granted one extension of time for thirty days in which to prepare and serve a statement on motion for new trial, his power is exhausted, and the fact that the time is further extended by consent of the adverse party does not confer upon the judge any power to grant a second extension thereafter without such consent. If the statement is not prepared and served within the time allowed by law, it cannot be considered at the hearing of the motion or upon appeal, and the motion for a new trial is properly denied upon that ground.

ESTATES OF DECEDENTS — FORECLOSURE OF MORTGAGE — PLEA OF HOMESTEAD — FINDINGS. — When the answer in an action to foreclose a mortgage against the heirs of a decedent pleads that deceased in his lifetime declared a homestead upon the property, and that the same had never been abandoned, findings that one of the appellants, who was the divorced wife of decedent, had no interest or title in the premises by homestead declaration or otherwise, and that the other defendants, who were minor heirs, had an interest in the property as devisees, which was subject and subsequent to the mortgage, and that no probate homestead had been designated out of the mortgaged property, are sufficient to sustain the judgment in favor of the plaintiff.

APPEAL from a judgment of the Superior Court of Lassen county, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Spencer & Raker,* for Appellants.

*E. R. Dodge,* and *Goodwin & Goodwin,* for Respondent.

WORKS, J.—Appeal from a decree foreclosing a mortgage on real estate, and from an order denying the defendants a new trial.

The case was decided against the appellants on a former hearing, on the ground that the homestead relied upon by the defendants was void, for the reason that the declaration thereof did not contain an estimate of the cash value of the property, as required by section 1263 of the Civil Code. (*Knock* v. *Bunnell*, 21 Pac. Rep. 961.) It was discovered, subsequently, that at the time this homestead was declared the statute did not require a statement of the value of the property, and a rehearing was granted, and the case has again been heard.

The motion for a new trial was properly denied, for the reason that no statement of the case was filed in time. The code requires that the statement be served within ten days after the service of notice of intention to move for a new trial. (Code Civ. Proc., sec. 659, subd. 3.) The moving party must prepare and serve his statement within the time allowed by law for that purpose, or it cannot be settled, or if settled, cannot be considered either at the hearing of the motion or on appeal to this court. (*Quivey* v. *Gambert*, 32 Cal. 304, 309; *Chase* v. *Evoy*, 58 Cal. 348; *Cooney* v. *Furlong*, 63 Cal. 520.) The time allowed by section 659 may be extended by the court or judge, but not longer than thirty days, without the consent of the adverse party. (Code Civ. Proc., sec. 1054.)

In this case the judge of the court below extended the time for the full thirty days, and then, upon a stipulation of the adverse party, extended it an additional twenty days, and then again, without the consent of the adverse party, gave the appellant another twenty days, and the statement was not filed until the last day of the last extension of time. This was too late. The judge of the court below exhausted his power when he extended the time thirty days, and the last extension of

time by him was unauthorized. The fact that the respondent had consented to one extension of time beyond the thirty days did not give the judge any additional authority.

The action was against an estate and the heirs of the deceased to foreclose a mortgage, and the defendants in their answer averred that the deceased in his lifetime declared a homestead on the property, that the same had never been abandoned, and that the mortgage had not been filed as a claim against the estate, in which an administrator had been appointed and notice to creditors duly given.

It is contended by the appellants that the findings of the court do not find upon these issues, except that the mortgage was not filed as a claim against the estate. The court does not find in direct terms whether the homestead ever existed, or whether, having been declared, it had been abandoned; but it does find that Annie E. Stockton, one of the appellants, and the divorced wife of the deceased, had no interest in or title to said mortgaged premises by homestead declaration or otherwise, and that the other defendants, minor heirs of the deceased, had an interest in the property as the devisees under his will, but that their interest was subsequent and subject to the mortgage, and that no probate homestead was at any time designated out of the mortgaged property, or any portion thereof.

These findings are not as full and specific as they should have been, but we think they are such that the judgment should not be reversed in the absence of the evidence which we have shown is not properly in the record.

Judgment and order affirmed.

PATERSON, J., SHARPSTEIN, J., FOX, J., and McFAR-LAND, J., concurred.

BEATTY, C. J., dissenting. — I dissent. The findings do not respond to all the material issues.