## DESMOND v. FAUS et al.

### No. 14,116; June 6, 1893.

33 Pac. 457.

**New Trial—Extending Time for Serving Statement.**—The fact that counsel consented to the first extension of time in which to serve the statement on a motion for a new trial did not authorize the court to further extend the time thirty days, under the code, exclusive of the first extension.

**New Trial.—An Order Denying a Motion for a New Trial is** properly made on the hearing of a motion to dismiss the same for failure to prosecute with due diligence.

APPEAL from Superior Court, City and County of San Francisco; Walter H. Levy, Judge.

Action for personal injuries by James Desmond against Otto Faus and others. There was a verdict for defendants, and from an order denying a new trial plaintiff appeals. Affirmed.

James F. Smith for appellant; J. F. Castlehun for respondents.

TEMPLE, C.—This action was brought to recover damages for personal injuries, and the verdict was for the defendants. Plaintiff appeals from an order refusing a new trial.

Respondents contend that the order must be affirmed, without considering the alleged errors, because plaintiff lost his right to move for a new trial by his failure to prepare and serve his proposed statement in time. Notice of intention to move for a new trial was given April 7, 1888. The proposed statement was served May 28th—forty-nine days after the notice of intention was given. The adverse party did not consent to any extension of the time. Sundry orders extending the time were made by the court, amounting to forty-five days in all. But the court could only grant extensions amounting to thirty days, which, added to the ten days given by the code, make forty days. The statement was therefore served nine days too late. No excuse is attempted for this delay, but is seems to be contended that the court granted the first extension of fifteen days with the consent of the attorney for defendants. His record does not sustain this contention, but if it did it would not satisfy the exigencies of plaintiff's case. Such consent is itself a refusal to stipulate, and amounts to referring counsel to the court for his relief. It falls far short of a consent that the court may extend the time more than thirty days.

December 14, 1888, a motion was noticed to dismiss the motion for a new trial on the ground that plaintiff had not prosecuted it with due diligence. Amendments to the proposed statements were served July 3, 1888. It does not appear whether anything was done to effect a settlement prior to October, when plaintiff was ordered to engross the statement. December 8, 1888, defendants gave notice of a motion to dismiss for want of due diligence in prosecuting the motion. Yet the statement was not engrossed until March 14, 1889, and was certified and settled March 15, 1889, and not

filed until March 30th. I find no evidence in the record that the motion for a new trial was ever brought on, or submitted for decision, except by the motion to dismiss. The order appealed from is as follows: "In this action the defendants' motion to dismiss plaintiff's motion for a new trial having been heretofore submitted to this court for consideration and decision, now, the court having fully considered the same, it is ordered that the motion for a new trial herein be, and the same is hereby, denied." By this order it would seem that the motion was granted, or rather that the motion for a new trial was denied, because of the failure to prosecute with due diligence. This practice has been approved by this court in several cases: Quivey v. Gambert, 32 Cal. 309; Calderwood v. Peyser, 42 Cal. 110; McDonald v. McConkey, 57 Cal. 325; Bunnel v. Stockton, 83 Cal. 319, 23 Pac. 301. Whether the first objection, that the proposed statement was not served in time, is properly included in the motion to dismiss for failure to prosecute with due diligence, may be questioned. No point is made on this, however, and no injury is done. By such failure, plaintiff's motion was lost. The objection to the failure to serve in time was never waived by respondents, but was expressly reserved in all subsequent steps in the proceeding. The order, I think, should be affirmed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is affirmed.