[No. 18163. Department One.—December 28, 1893.]

FREDERICK SUTTON, Respondent, *v.* WILLIAM SYMONS et al., Appellants.

APPEAL—ORDER REFUSING TO VACATE APPEALABLE ORDER.—No appeal lies from an order refusing to vacate an appealable order.

ID.—ORDER STRIKING OUT NEW TRIAL STATEMENT—REFUSAL TO VACATE—DISMISSAL OF APPEAL.—An order striking a statement on motion for a new trial from the files is an appealable order, and an order refusing to vacate such order is therefore not appealable, and an appeal therefrom will be dismissed.

NEW TRIAL—DENIAL OF MOTION AFTER STRIKING OUT STATEMENT.—Where a statement on motion for a new trial is stricken from the files, the motion for a new trial is properly denied.

ID.—NOTICE OF INTENTION NOT FILED IN TIME.—Where a notice of intention to move for a new trial is not filed with the clerk within the time allowed by law, the motion for a new trial is properly denied, although the notice has been served upon the adverse party within due time.

APPEAL from an order of the Superior Court of Tuolumne County denying a new trial, and from an order refusing to vacate an order striking a new trial statement from the files.

The facts are stated in the opinion of the court.

*Moses G. Cobb*, for Appellants.

*F. W. Street*, and *C. L. Street*, for Respondent.

HARRISON, J.—Judgment was rendered and entered in this action in favor of the plaintiff October 7, 1890, and the time for serving and filing a notice of intention to move for a new trial was extended by stipulation and by an order of the court until January 5, 1891. January 3, 1891, the defendants served upon the plaintiff a notice of their intention to move for a new trial, stating therein that it would be made upon a statement of the case, but the notice was not filed with the clerk until January 10, 1891. At the same time with serving this notice the defendants served upon the plaintiff their proposed statement of the case, to which the plaintiff afterwards proposed amendments. We have assumed, in accordance with the admission by counsel for both parties, that this statement was afterwards settled by the judge

and filed with the clerk, but the record fails to show these facts. The plaintiff afterward moved the court to strike this settled statement from the files, and on the 13th of September, 1891, this motion was granted. The motion for a new trial came on to be heard September 13, 1892, at which time the defendants asked the court to vacate its previous order striking the statement from the files, which was denied, and on the next day the court made an order denying their motion for a new trial, from which the defendants have appealed. They have also appealed from the order refusing to vacate the order striking the statement from the files. An appeal was also taken at the same time from the order striking out the statement, but this appeal was dismissed March 8, 1893, upon the ground that it had not been taken in time. (*Sutton* v. *Symons*, 97 Cal. 475.)

The order refusing to vacate the order of September 13, 1891, is not an appealable order, and for that reason the appeal therefrom must be dismissed. The order striking the statement from the files was itself appealable (*Calderwood* v. *Peyser*, 42 Cal. 110; *Clark* v. *Crane*, 57 Cal. 633), and the rule is well settled that an appeal cannot be taken from an order refusing to vacate an order which is itself appealable. (*Harper* v. *Hildreth*, 99 Cal. 265.)

When the motion for a new trial came on to be heard there was no statement before the court upon which it could entertain the motion, and for that reason its order must be affirmed. The court was also required to deny the motion, upon the ground that the notice of intention therefor had not been filed with the clerk in time. Section 659 of the Code of Civil Procedure requires the party who intends to move for a new trial to serve the notice of his intention upon the adverse party, and also to file it with the clerk within ten days after notice of the decision, or such additional time as may be allowed by the court. Although the notice in the present case was served upon the plaintiff within due time, it was not filed until after the time allowed by the court had expired.

The order is affirmed.

PATERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.