[Civ. No. 1415. Second Appellate District.—November 29, 1913.]

HAZEL M. KEATING, Plaintiff and Respondent, v. EDWARD KEATING, Defendant and Respondent; VINNETTE LOHMAN, Co-respondent and Appellant.

APPEAL—ORDER REFUSING NEW TRIAL—ABSENCE OF STATEMENT.—No error can be predicated upon the ruling of a trial court in denying a motion for a new trial, when no statement has been settled and allowed. And although the want of a settled statement may be due solely to an error of the court in refusing to allow the same, this cannot avail a party aggrieved, on appeal from such order, when upon the record nothing appears to show the alleged errors upon which the motion is based.

ID.—NOTICE OF REFUSAL OF NEW TRIAL—FAILURE TO SERVE—DEFICIENT RECORD.—If notice of the denial of an appellant's motion for a new trial is not served, and the record on appeal does not contain the papers specified in section 661 of the Code of Civil Procedure,

as required by section 952 of that code, the order denying the motion for a new trial must be affirmed.

ID.—DIVORCE—MOTION FOR NEW TRIAL—AGREEMENT TO PREPARE STATEMENT—DEFAULT IN PREPARING AND SERVING STATEMENT.—Where the co-respondent and the defendant in a divorce action agree that the defendant shall prepare a statement to be used by both on their respective motions for a new trial, but the plaintiff is not a party to the agreement and is served with the statement in support of the motion of the defendant alone, the co-respondent is not entitled to rely on the statement of the defendant. The failure of the defendant to carry out the agreement is no ground for relief from the co-respondent's default in preparing and serving a statement.

APPEAL from orders of the Superior Court of Los Angeles County made in the matter of applications for a new trial. George E. Church, Judge presiding.

The facts are stated in the opinion of the court.

Geo. L. Keefer, for Co-respondent and Appellant.

James P. Clark, J. Wiseman Macdonald, and Waldo M. York, for Respondents.

SHAW, J.—This was an action for divorce wherein the defendant, among other grounds therefor, was charged with committing adultery with Vinnette Lohman, who filed an answer denying the charge. The court found the fact as alleged, and on August 25, 1911, rendered a decree granting the divorce. On September 6th the co-respondent served and filed her notice of intention to move for a new trial upon the grounds of insufficiency of the evidence to justify the decision, errors in law occurring at the trial, and that the decision is against law, which motion it was stated in the notice would be made upon a statement of the case. On September 14th, and within the ten days allowed by law for the preparation of such statement, co-respondent procured from the judge of the court an order giving her an additional period of thirty days within which to prepare her statement on motion for new trial, to the making of which order plaintiff herein did not consent. The statement was not prepared within the extension of time so granted, and on October 16th co-respondent procured a second order extending the time for an additional

period of thirty days, to the making of which order plaintiff did not consent. While this order so made on October 16th was void, for the reason that the power of the court was exhausted in making the first order extending the time for a period of thirty days (Code Civ. Proc., sec. 1054; *Bunnel* v. *Stockton,* 83 Cal. 319, [23 Pac. 301]; *Gibson* v. *Superior Court,* 83 Cal. 643, [24 Pac. 152]), nevertheless, since the co-respondent did not prepare nor present such statement within the time so specified therein, or at all, the fact that the order made was in excess of the court's jurisdiction is of no importance.

On November 16th defendant in said action served upon plaintiff his statement on motion for a new trial, and thereafter, to wit: on November 28th, co-respondent served upon plaintiff a notice that, on December 4th, she would move the court for an order permitting her to adopt as her own the proposed statement of defendant on motion for a new trial, and have the same considered as served and filed as her proposed statement of the case in support of her motion, and that the order be made as of the date of the filing by defendant of such statement. In support of this motion she filed affidavits of her attorney and that of defendant's attorney, to the effect that the attorney for co-respondent was for several days, extending from November 6th, engaged in the trial of another case, and on November 8th, finding that the trial of such case would take more time than anticipated, he made an agreement with defendant's attorney, who was preparing his (defendant's) statement, that the same should be signed, served, and used for both defendant and co-respondent in support of their respective motions; that defendant's attorney was likewise busy with other matters and assigned the preparation, service, and filing of the statement to another attorney, without telling him of the agreement so made, who in ignorance thereof served and filed the same as a statement in support of the motion for defendant alone. This motion was duly presented and by the court denied, but no record of such order was at the time entered. Co-respondent then applied to the court for permission to renew her said motion, which application being granted, she, on February 5th, moved the court, as in the first motion made; whereupon plaintiff's attorney objected to the granting of the same upon the grounds that the court

had no jurisdiction to grant it for the reason that the time within which co-respondent was entitled to serve her proposed statement expired within the period of the first extension granted, to wit: October 16th, and that she had never served upon plaintiff any proposed statement; and that said motion was heard and denied on December 4th, and no new or additional grounds assigned for the granting of the same. On March 2d the court by its order denied the motion so renewed and ordered the minutes of the court corrected as of date December 4th, so as to show the making of the order denying the motion when first made, and later likewise denied co-respondent's motion for a new trial of the case.

Co-respondent appeals from this order made March 2d denying her application to adopt as her own the statement of defendant on motion for a new trial, as well as that part thereof ordering the correction of the minutes as stated, and likewise appeals from the order denying her motion for a new trial, notice of appeal from which last mentioned order, however, was not served upon plaintiff.

The above narrative should be deemed a sufficient answer to the merits of the appeal.

No error can be predicated upon the ruling of the court in denying co-respondent's motion for a new trial for the reason that, since no statement had been settled and allowed, there was nothing before the court to support such motion. (*Symons* v. *Bunnell,* 101 Cal. 223, [35 Pac. 770]; *Sutton* v. *Symons,* 100 Cal. 576, [35 Pac. 158].) Conceding the want of a settled statement to be due solely to an error of the court in refusing to allow the same, it cannot avail a party aggrieved on appeal from such order, since upon the record nothing appears to show the alleged errors upon which the motion is based. For this reason, as well as for the want of service of the notice of appeal therefrom, and the fact that the record does not contain the paper specified in section 661 of the Code of Civil Procedure, as required by section 952, same code, the order denying the motion for a new trial must be affirmed.

Plaintiff was not a party to the agreement made by co-respondent with defendant on November 8th, and waiving the objection as to time, it cannot be claimed that co-respondent was entitled as of right to present and have considered in

support of her motion for a new trial a statement never served upon plaintiff, as required by section 659 of the Code of Civil Procedure, and in the preparation and settlement of which she had no part and was given no opportunity to submit amendments thereto.·

Appellant was clearly in default in failing to prepare and serve her statement within the period ending October 16th. The fact that after said date she was misled by the failure of a third party to comply with his promise to prepare and serve a statement for her, constitutes no ground for relief from such default.

The orders appealed from are affirmed.

Conrey, P. J., and James, J., concurred.